JORGE J. VEGA TORRES y OTROS, demandantes y recurridos, v. MARÍA SOCORRO LACOT y OTROS, demandados y recurrentes; JOSÉ MANUEL CUEVAS y OTROS, demandantes y recurridos, v. ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado y recurrente.

*Números:* RE-87-219     *Resueltos:* 8 de marzo de 1990
RE-87-306

---

690

*Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General, Alberto Oscar Couret Torres y Miriam Álvarez Archilla, Procuradores Generales Auxiliares,* abogados de los recurrentes; *William J. Riefkohl,* abogado de los recurridos.

PER CURIAM: El Procurador General nos solicita la revisión de dos (2) sentencias dictadas por la Sala de San Juan del Tribunal Superior que condenan al Estado Libre Asociado a pagar sumas millonarias en reclamaciones de salarios instadas por maestros del Departamento de Instrucción Pública.

Los dos (2) recursos consolidados([1]) giran en torno a la interpretación de varias leyes relativas a la retribución de los empleados del Gobierno de Puerto Rico. Al igual que en *Aponte v. Srio. Hacienda, E.L.A.*, 125 D.P.R. 610 (1990), debemos determinar el efecto de varios estatutos especiales aprobados entre 1975 y 1977 sobre otras leyes aprobadas con anterioridad que concedían aumentos de sueldo. Los dos (2) casos ante nos son muy parecidos, pero la demanda en el recurso *Cuevas v. E.L.A.*, Caso Núm. RE-87-306, fue presentada el 21 de septiembre de 1976, más de ocho (8) años antes de que se instara la acción objeto del recurso *Vega Torres v. Lacot*, Caso Núm. RE-87-219.([2])

---

([1]) Los recursos de epígrafe fueron originalmente consolidados en este Foro con *Aponte Martínez y Esquilín v. Collazo*, Caso Núm. RE-97-199, y *Cancel Seda v. García Arache*, Caso Núm. RE-87-351. No obstante, los hemos reagrupado para facilitar el análisis y comprensión de las arcanas cuestiones técnicas relativas a la retribución de los empleados públicos.

([2]) Luego de un sinnúmero de incidentes procesales en los que intervinieron varios magistrados, el pleito *Cuevas v. E.L.A.*, Caso Núm. RE-87-306, quedó aparentemente sometido para su resolución el 7 de febrero de *1980* cuando se presentó por la parte demandada una réplica al alegato de la parte demandante. Inexplicablemente ni el tribunal de instancia ni ninguna de las partes realizó ulterior gestión relacionada con el caso hasta el 17 de junio de *1986* cuando el Juez Administrador del Centro Judicial de San Juan señaló una conferencia para discutir el estado procesal del caso.

I

A. El caso *Cuevas v. E.L.A.*, supra, se presentó como una acción de clase, pero el tribunal a quo nunca certificó el litigio como tal. En éste, más de quinientos (500) maestros reclamaron el aumento por años de servicio dispuesto por la Ley Núm. 34 de 13 de junio de 1966, según enmendada por la Ley Núm. 98 de 26 de junio de 1974 (18 L.P.R.A. sec. 309), que establece un sistema de retribución para los maestros de instrucción pública. Solicitaron, además, el aumento de $75 mensuales autorizado por la Ley Núm. 98, *supra*, para los años fiscales 1975–1976 y 1976–1977.

Alegaron que los aumentos no les fueron concedidos durante los referidos años económicos a causa de la aplicación de varios estatutos que los dejaban "sin efecto". Estas piezas de legislación son las Leyes Núm. 1 de 30 de junio de 1975, Núm. 48 de 19 de mayo de 1976 y Núm. 3 de 30 de junio de 1977, las cuales, estiman, les privan del "derecho de propiedad . . . a recibir compensación por la labor ya realizada al amparo de la Ley Núm. 34 de 13 de junio de 1966". Caso Núm. RE-87-306, *Exhibit* V, pág. 18.

Señalaron, además, que aún después del año fiscal 1977–1978, el Estado se negó a pagarles los aumentos autorizados por la Ley Núm. 98, *supra*, "privándo[los] . . . de su propiedad sin el debido proceso de ley". Caso Núm. RE-87-306, *Exhibit* V, pág. 18. Apuntan finalmente que las referidas Leyes Núm. 1 de 30 de junio de 1975, Núm. 48 de 19 de mayo de 1976 y Núm. 3 de 30 de junio de 1977 son inconstitucionales porque menoscaban obligaciones contractuales contraídas con anterioridad y resultan confiscatorias.

La parte demandada aceptó los hechos aducidos, levantó la defensa de incuria y alegó que la actuación de la Legislatura al aprobar las leyes impugnadas tuvo el propósito de derogar los aumentos fijados por la legislación anterior, y que tal actuación constituía un ejercicio válido de su poder,

pues los demandantes no tenían un derecho adquirido, sino meramente una "esperanza" que se vio frustrada.

Al no haber controversia de hechos, las partes sometieron el caso por los escritos no sin antes haber presentado alegatos en apoyo de sus respectivas posiciones. Finalmente el tribunal de instancia, mediante la aplicación del Art. 1867 del Código Civil, 31 L.P.R.A. sec. 5297, resolvió que la demanda no estaba prescrita, y luego de entrar en los méritos de la misma la declaró con lugar.

El tribunal obvió los planteamientos constitucionales y dispuso que las Leyes Núm. 1, *supra*, Núm. 48, *supra*, y Núm. 3, *supra*, no derogaban las leyes anteriores que concedían aumentos, sino que los suspendían durante los años fiscales 1975–1976, 1976–1977 y 1977–1978, respectivamente. Por consiguiente, concluyó que efectivo el año fiscal 1978–1979 los aumentos recobraron vigencia. El tribunal les reconoció a los maestros el derecho a tres (3) clases de aumentos distintos que estimó concedía la Ley Núm. 98, *supra*: los dispuestos por las escalas de retribución establecidas, los "pasos" por años de servicio y un aumento adicional de $75 mensuales.[3] Ordenó, además, el pago de las cantidades adeudadas.

De dicha sentencia, el Estado recurre ante nos y nos señala únicamente que erró el tribunal de instancia al determinar que los aumentos no quedaron derogados, sino mera-

---

[3] La sentencia incluía los pronunciamientos siguientes:

"1. Se reconoce el derecho de los demandantes que prestaban servicio en el Departamento de Instrucción Pública al primero de julio de 1975 y 1976 a recibir [el] pago de $75 mensuales dispuest[o] por el Artículo 3 de la Ley Núm. 98 de 1974.

"2. Se reconoce el derecho de los demandantes a recibir el aumento por años de servicio correspondiente a los años 1975–76 y 1976–77 efectivo a partir de julio de 1978.

"3. Se reconoce asimismo el derecho de los demandantes a recibir el aumento fijado en la escala de retribución correspondiente al año económico 1976–77, efectivo a partir del año económico 1978–79." Caso Núm. RE-87-306, *Exhibit* I, págs. 7–8.

mente suspendidos y que recobraron vigencia para el año fiscal 1978-1979.[4]

B. En el recurso *Vega Torres v. Lacot*, Caso Núm. RE-87-219, más de trescientos (300) maestros reclaman en esencia lo mismo que se solicita en *Cuevas v. E.L.A.*, supra, aunque no se alega la inconstitucionalidad de los estatutos. Al igual que en *Cuevas v. E.L.A.*, supra, los demandados finalmente aceptaron los hechos no sin antes levantar la defensa de prescripción e incuria.

El caso fue sometido para su resolución a base de los escritos presentados y el tribunal de instancia declaró con lugar la demanda. La sentencia dictada dispuso prácticamente lo mismo que la emitida en *Cuevas v. E.L.A.*, supra.[5]

De dicha sentencia los demandados recurren ante nos y, además de reproducir el único señalamiento de error en *Cuevas v. E.L.A.*, supra, nos apuntan que:

Erró el Honorable Tribunal de Instancia al determinar que la causa de acción ejercitada por los demandantes-recurridos no estaba prescrita a tenor con el Artículo 1867 del Código Civil, 31 LPRA sec. 5297 y en todo caso al no determinar que los demandantes habían incurrido en incuria "laches". Caso Núm. RE-87-219, Petición de revisión, pág. 3.

## II

En relación con la defensa de prescripción levantada por los recurrentes en *Vega Torres v. Lacot*, supra, el error señalado no fue cometido. En *Aponte v. Srio. Hacienda, E.L.A.*, supra, resolvimos que el plazo para ejercitar una acción de reclamación de salarios de un empleado guberna-

---

[4] La parte demandante no ha comparecido ante nos.

[5] No obstante, ordenaba también el pago de los aumentos correspondientes al año fiscal 1974-1975. Los demandantes recurridos aceptan ante este Foro que dichos aumentos se concedieron y se pagaron. Alegato de la parte demandante, pág. 19 esc. 2.

mental se rige por el inciso tercero del Art. 1867 del Código Civil, 31 L.P.R.A. sec. 5297(3).

■ Al igual que en aquel caso, los recurrentes en *Vega Torres v. Lacot*, supra, no demostraron en instancia que se hubiera producido una novación por cambio sustancial en las condiciones de empleo que haría comenzar a correr el término de prescripción de tres (3) años. *Agostini v. Tribunal Superior*, 82 D.P.R. 219, 229 (1961). Se limitan a argumentar, por primera vez en esta revisión, que cualquier cambio en la remuneración opera como una novación. No tienen razón. No se demostró una alteración sustancial en la naturaleza de las funciones. Un aumento módico en sueldo no constituye el cambio sustancial exigido por nuestra jurisprudencia.

### III

Desde hace más de dos (2) décadas, los maestros del sistema de instrucción pública tienen derecho a aumentos automáticos anuales por cada año de servicio hasta llegar al máximo de la escala. La Ley Núm. 34, *supra,* en su Art. 4 dispone:

La retribución de cada maestro se aumentará al siguiente tipo intermedio en la escala correspondiente al terminar un (1) año de servicio hasta que alcance el sueldo máximo de la escala. Por "año de servicio" se entenderá cualquier período de nueve (9) meses, dentro de un año escolar en que el maestro haya estado bajo contrato o nombramiento, y la acumulación de cualquier período de diez (10) meses de servicios prestados en diferentes años escolares; Entendiéndose que para los propósitos de las Secs. 309 a 309j de este título, el año escolar comprende los meses escolares de agosto a julio subsiguiente. Los aumentos por razón de años de servicio serán efectivos al empezar el año económico y en el caso de maestros que reingresan al servicio, en el mes en que el maestro empiece a trabajar durante el año económico. 18 L.P.R.A. sec. 309c.

En 1974 la Legislatura dispuso tres (3) nuevas escalas de retribución para los maestros de instrucción pública. Mediante enmienda a los Arts. 1 y 2 de la citada Ley Núm. 34 (18 L.P.R.A. secs. 309 y 309a), se estableció una escala para cada uno de los años fiscales 1974-1975, 1975-1976 y 1976-1977. Véase Sec. 1 de la Ley Núm. 98, *supra*, 18 L.P.R.A. sec. 309. El Art. 3 de la Ley Núm. 34 también fue modificado por la Ley Núm. 98, *supra*, 18 L.P.R.A. sec. 309b, para autorizar aumentos de $75 mensuales para todos los maestros en servicio al primero de julio de 1974, 1975 y 1976.

■ Los aumentos dispuestos por la Ley Núm. 98, *supra*, no entraron en vigor completamente. De las escalas implantadas la única que rigió fue la correspondiente al año fiscal 1974-1975. Por virtud de las Leyes Núm. 1, *supra*, y Núm. 48, *supra*, quedaron "sin efecto" los siguientes aumentos para los maestros durante los años fiscales 1975-1976 y 1976-1977:

(a) El aumento fijado por las escalas de retribución mensual establecidas por la Ley [N]úm. 98 aprobada en 26 de junio de 1974 . . . [y]

(b) El aumento por años de servicio que le corresponda . . . conforme a las disposiciones de la Ley [N]úm. 34 aprobada en 13 de junio de 1966, según subsiguientemente enmendada. Art. 1(a) y (b) de las Leyes Núm. 1 de 30 de junio de 1975 y Núm. 48 de 19 de mayo de 1976.

Con este trasfondo estatutario, el tribunal a quo resolvió que para el 1ro de julio de 1978 los maestros recurridos tenían derecho a tres (3) tipos diferentes de aumento: el establecido por la escala de retribución de la Ley Núm. 98, *supra*, correspondiente al año económico 1976-1977; dos (2) "pasos" acumulados por los años de servicio correspondientes a los años fiscales 1975-1976 y 1976-1977, según dispuesto por el Art. 4 de la Ley Núm. 34, *supra*, y otro "paso" de $75 mensuales.

■ En *Aponte v. Srio. Hacienda, E.L.A.*, supra, resolvimos que la Ley Núm. 3, *supra*, tuvo la intención de compensar a los empleados públicos al 1ro de julio de 1977 por los aumentos por años de servicio dejados de percibir en los dos (2) años anteriores. En virtud de la citada ley, todos los maestros recibieron inmediatamente para la fecha antedicha por lo menos dos (2) pasos en las correspondientes escalas de retribución.(6) Por estas razones, erró el tribunal a quo al reconocerle a los maestros un aumento de dos (2) pasos efectivo al comienzo del año fiscal 1978–1979, adicional al ya concedido por la Ley Núm. 3, *supra*, para el año fiscal 1977–1978.

## IV

■ El aumento dispuesto por la escala de retribución establecida por la Ley Núm. 98, *supra*, para el año fiscal 1976–1977 tampoco debe ser concedido. Las partes que han comparecido así lo aceptan ante este Foro. Alegato de la parte demandante, págs. 16 y 26; Informe del Procurador General, págs. 31–32; Réplica al alegato de la parte demandante y recurrida, pág. 3.

A diferencia de las disposiciones de ley que conceden aumentos anuales mediante la concesión de pasos automáticos por años de servicio, las escalas específicamente señaladas para los años fiscales 1975–1976 y 1976–1977 no podían entrar en vigor una vez transcurrido el período de suspensión por los propios términos de los Arts. 1 y 3 de la Ley Núm. 98,

---

(6) La Ley Núm. 3 de 30 de junio de 1977, Leyes de Puerto Rico, pág. 567, disponía para los maestros de instrucción pública la siguiente tabla de pasos a concederse, según el grado de preparación:

| | |
|---|---|
| Menos de Normal | tres |
| Normal | dos |
| Bachillerato | dos |
| Maestría | dos |
| Doctorado | dos |

*supra.* Esto lo corrobora los debates suscitados en la cámara baja con motivo de la aprobación de la Ley Núm. 48, *supra.* En éstos el Representante José R. Jarabo consignó:

> Se ha dicho, y para esto quiero aclarar el récord, señor Presidente, que esta Medida s[ó]lo pospone los aumentos de sueldo. Esto no es correcto, señor Presidente. Esta Medida congela la vigencia de los aumentos legislados. Y parecería que a primera leída pues eso equivale a una posposición. Y que luego de finalizado el período de congelación entrarían en vigencia los aumentos legislados. *Esto no es así y no desprende del Proyecto que estamos votando. Sino que hay que buscar el Proyecto donde se legislaron los aumentos para darse cuenta que como se aprobaron esos aumentos con un período de vigencia claramente determinado, para estos años, esta congelación equivale a que esos aumentos, en virtud de aquella Ley, no entrarán en vigencia.* Para que entraran en vigencia aumentos equivalentes o análogos a los ya legislados, habrá que tomar, cuando estemos en una situación económica y fiscal que así lo permita, acción legislativa positiva, adicional a la ya tomada hace unos años. Esa es la realidad de lo que hace esta Medida. Y para aquilatar sus méritos, para aquilatar cu[á]n necesaria es ella pues hay que evaluarla en lo que es y no en lo que no es. Diario de Sesiones de la Asamblea Legislativa (Cámara) 103–104 (1976).

Además, debemos considerar que la Asamblea Legislativa posteriormente aprobó nuevas escalas de retribución para los maestros que son considerablemente *más bajas* que las establecidas por la Ley Núm. 98, *supra,* para el año fiscal 1976–1977. Véanse: Leyes Núm. 10 de 25 de septiembre de 1979 y Núm. 47 de 23 de mayo de 1980. Si resolviéramos que la escala correspondiente al año 1976–1977 cobró vigencia en 1978, habría que aceptar que la Legislatura le disminuyó en 1979 el salario a los maestros. Esa no fue la intención legislativa.

■ Por todo lo expuesto, resolvemos que las escalas de retribución para los maestros dispuestas por la Ley Núm.

98, *supra*, correspondientes a los años económicos 1975–1976 y 1976–1977 quedaron suspendidas indefinidamente por virtud de las Leyes Núm. 1, *supra*, y Núm. 48, *supra*. Erró el tribunal de instancia al reconcerle este derecho a los demandantes recurridos.

## V

Por último, debemos determinar si el Art. 3 de la Ley Núm. 34, según enmendado por la Ley Núm. 98, *supra*, estableció un aumento independiente de $75 mensuales, además del dispuesto por las escalas. Esta cuestión es vital porque si es un aumento distinto al establecido por las escalas, se tiene que reconocer, ya que ni la Ley Núm. 1, *supra*, ni la Ley Núm. 48, *supra*, lo dejaron sin efecto.

El Procurador General nos señala que los estatutos sólo conceden dos (2) clases de aumentos: el paso automático por años de servicio y los correspondientes a las escalas. Argumenta que el aumento de $75 es el mismo que las escalas disponen para cada año fiscal y que el Art. 3 de la Ley Núm. 98, *supra*, lo único que hizo fue instrumentar el aumento que se refleja ya en las escalas implantadas. Tiene razón.

■ La Ley Núm. 98, *supra*, además de enmendar el Art. 1 de la Ley Núm. 34, para fijarle tres (3) nuevas escalas de retribución a los maestros de instrucción pública para los años fiscales 1974–1975, 1975–1976 y 1976–1977, también modificó el Art. 3 de la misma ley para señalar los ajustes a realizarse. Después de estos cambios el Art. 3 leía:

Al primero de julio de 1974, 1975 y 1976 la retribución que corresponda a cada maestro de acuerdo con su categoría según la Ley de Certificaciones de Maestros (Ley [N]úm. 94 del 21 de junio de 1955), se ajustará con arreglo a las siguientes disposiciones:

*Al primero de julio de 1974, 1975 y 1976, se aumentará en sententa y cinco (75) dólares mensuales la retribución de todos los maestros que están en servicio.*

*Se le otorgará, además, el aumento por años de servicio que le corresponda.* (Énfasis suplido.) 1974 (Parte 1) Leyes de Puerto Rico 357.

Al examinar las distintas escalas de retribución para los maestros, notamos que entre la escala vigente para el año fiscal 1973–1974[7] y la escala fijada por la Ley Núm. 98, *supra*, para el año fiscal 1974–1975 hay $75 de diferencia para los mismos tipos. Igualmente, existe una diferencia de $75 entre los mismos tipos de la escala de 1974–1975 y la de 1975–1976, y entre los mismos tipos de la escala de 1975–1976 y la de 1976–1977.

Por otro lado, el historial legislativo de la Ley Núm. 98, *supra*, revela que la intención del legislador era concederle al magisterio un aumento de $75 en cada uno de los tres (3) años fiscales:

Cabe destacar, además, el hecho cierto [que] mediante este proyecto, estableciendo nuevas escalas de retribución para los años económicos 1974–75, 1975–76 y 1976–77 *se asegura al magisterio puertorriqueño un aumento de setenta y cinco dólares mensuales totalizando en los tres años la cantidad de doscientos veinticinco (225) dólares.* En términos comparativos, resulta *ser el mayor aumento de sueldos otorgado al magisterio puertorriqueño en la historia de Puerto Rico.* (Énfasis suplido.) Informe conjunto a la Cámara de las Comisiones de Hacienda e Instrucción de 25 de marzo de 1974 sobre el P. del S. 628, págs. 1 y 2. Informe al Senado de la Comisión de Instrucción de 13 de marzo de 1974 sobre el P. del S. 628.

Si adoptamos la posición de los recurridos, tendríamos que aceptar que la Asamblea Legislativa deseaba aumentarle a los maestros de instrucción pública $150 en cada uno de los referidos años fiscales para un total de $450 en tres (3) años. Esto no es lo que los citados informes revelan.

---

[7] Para este año económico rigió la escala establecida por la Ley Núm. 14 de 12 de junio de 1972.

Más aún, tras examinar detalladamente la técnica utilizada por el legislador desde el 1966 para tratar los asuntos retributivos de los maestros, notamos que mientras el Art. 3 de la Ley Núm. 34, *supra*, estuvo en vigor con un lenguaje que autorizaba aumentos de cantidades fijas mensuales, dicho monto coincide exactamente con la diferencia entre el salario, según la escala vigente antes del aumento y la que entraba en vigor a raíz del aumento de acuerdo con el Art. 1 de la mencionada ley.[8] De este hecho podemos inferir que tanto el primer artículo como el tercero de la Ley Núm. 34, *supra*, se refieren al mismo aumento.

▮ En vista de lo expuesto, resolvemos que el Art. 3 de la Ley Núm. 34, según enmendado por la Ley Núm. 98, *supra*, no concede un aumento distinto al dispuesto en las correspondientes escalas de retribución del Art. 1 de la Ley Núm. 34, *supra*. Tratándose del mismo aumento, no puede sostenerse la posición de los maestros recurridos, quienes

---

[8] Por virtud de la Ley Núm. 140 de 29 de junio de 1969, el Art. 3 de la Ley Núm. 34 de 13 de junio de 1966 estuvo vigente desde el 1ro de julio de 1969 hasta el 30 de junio de 1972 con este lenguaje:

"Al primero de julio de 1969, 1970 y 1971, la retribución que corresponda a cada maestro de acuerdo con su categoría según la Ley de Certificaciones de Maestros (Ley [N]úm. 94 del 21 de junio de 1955), se ajustará con arreglo a las siguientes disposiciones:

"Al primero de julio de 1969, se aumentará en cuarenta y cinco (45) dólares mensuales la retribución de todos los maestros que están en servicio.

"Al primero de julio de 1970 se aumentará en treinta (30) dólares y al primero de julio de 1971 en treinta y cinco (35) dólares mensuales la retribución de todos los maestros que estén en servicio.

"Se le otorgará además el aumento por años de servicio que le corresponda." 1969 Leyes de Puerto Rico 472.

Entre los mismos tipos o "pasos" de la escala de sueldo que rigió durante el año económico 1968–1969 y la que entró en vigor el 1ro de julio de 1969 hay exactamente $45 de diferencia. Este monto coincide con el ajuste llamado por el Art. 3 de la Ley Núm. 34, según enmendado por la Ley Núm. 140, *supra*. Del mismo modo, hay $30 de diferencia entre las escalas correspondientes a los años fiscales 1969–1970 y 1970–1971, y $35 entre las correspondientes a los años fiscales 1970–1971 y 1971–1972. Estos montos coinciden con los ajustes llamados por el Art. 3 para el primero de julio de 1970 y 1971, respectivamente.

reclaman que este aumento no quedó suspendido por las Leyes Núm. 1 y Núm. 48, *supra*, por lo que se les tiene que conceder.

*Se revocarán las sentencias en los recursos ante nuestra consideración y se declararán sin lugar las demandas incoadas.*

El Juez Asociado Señor Negrón García concurre sin opinión escrita. El Juez Asociado Señor Rebollo López al disentir expresa: "La decisión mayoritaria emitida por el Tribunal en los casos de epígrafe constituye una de las injusticias más grandes que jamás se haya cometido contra empleados públicos tan sacrificados y mal remunerados como lo son los miembros del magisterio puertorriqueño y de la Policía de Puerto Rico."