HIDELISA RIVERA RIVERA, apelante y recurrente, *v.* DEPARTAMENTO DE SERVICIOS SOCIALES, apelada y recurrida.

*Número:* CE-92-168 *Resuelto:* 15 de diciembre de 1992

*Milagros Acevedo Colón*, abogada de la apelante y recurrente; *Anabelle Rodríguez, Procuradora General, Reina Colón de Rodríguez, Subprocuradora General*, y *Carlos Lugo Fiol, Procurador General Auxiliar*, abogados de la apelada y recurrida.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

La peticionaria Hidelisa Rivera Rivera es una *empleada de carrera* en el Departamento de Servicios Sociales de Puerto Rico (D.S.S.). La señora Rivera Rivera fue *reclasificada* por el referido Departamento al puesto de Técnico de Servicios Sociales III, otorgándosele un aumento de treinta y cinco dólares ($35) mensuales. Por entender que se le había concedido una remuneración menor a la que tenía derecho, ésta acudió ante la Secretaria Auxiliar de Personal y Recursos Humanos del D.S.S. cuestionando la cantidad del aumento concedídole. El 7 de abril de 1989, el D.S.S. le notificó su decisión de que la suma concedida era correcta. *No se le informó de su derecho de apelación ante la Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P.) ni del término que tenía para efectuar dicho trámite.*

Así las cosas, la señora Rivera Rivera se personó a la Oficina Central de Administración de Personal (O.C.A.P.) a

pedir orientación sobre la referida determinación. Allí le informaron que la suma concedídale por el Departamento de Servicios Sociales, por concepto de aumento, era correcta. *Tampoco se le advirtió de su derecho a acudir ante J.A.S.A.P. ni del término que tenía para ello.*

En julio de 1990, J.A.S.A.P. resolvió un caso que planteaba una controversia similar a la señalada por la señora Rivera Rivera a favor de los empleados del D.S.S.; es decir, se sostuvo el derecho a la cantidad del aumento que había solicitado ésta. Enterada de ello, la señora Rivera Rivera acudió ante J.A.S.A.P. con su reclamo. J.A.S.A.P. desestimó su reclamación resolviendo que la señora Rivera Rivera había incurrido en incuria.

Acudió entonces la empleada al Tribunal Superior, Sala de San Juan, en petición de revisión. Dicho foro revocó la decisión de J.A.S.A.P., devolviendo el caso al foro administrativo para que celebrara vista evidenciaria en la que debía dilucidar si en la carta del 7 de abril de 1989 se había apercibido a la señora Rivera Rivera de su derecho a apelar. J.A.S.A.P. celebró la vista ordenada. En su Resolución, el foro administrativo concluyó que en la referida carta no se le apercibió a la empleada de su derecho a apelar; no obstante ello, decretó el archivo del caso *por falta de jurisdicción* por entender que la señora Rivera Rivera había incurrido en incuria al diligenciar su reclamo. Nuevamente acudió la señora Rivera Rivera ante el Tribunal Superior, Sala de San Juan. Dicho foro, esta vez, denegó el auto de revisión solicitado. Confirmó la norma utilizada por J.A.S.A.P., establecida en *García v. Adm. del Derecho al Trabajo*, 108 D.P.R. 53 (1978), de que cuando no se notifica del derecho a apelar ante J.A.S.A.P. ni del término para efectuar dicho trámite, no aplica el término jurisdiccional de treinta (30) días, pero sí la norma de incuria.

Inconforme, acudió en tiempo la señora Rivera Rivera

ante este Tribunal imputándole al foro de instancia haber errado:

> A. ...al no resolver la cuestión del derecho de la recurrente bajo el plazo trienal para reclamar salarios según el mismo Tribunal la había expresado en su Sentencia de 12 de julio de 1991: [C]omo se ha de armonizar el plazo de 30 días para apelar a J.A.S.A.P. establecido en la sec. 7.15 de la Ley de Personal del Servicio Público (3 L.P.R.A. 1395) con el plazo de tres años para reclamar salarios establecido en el artículo 1867 del Código Civil, según interpretado este último en *Aponte* v. *Collazo*, 1990 J.T.S. 34.
> B. ...al determinar que existió incuria de parte de la recurrente a pesar de las actuaciones de la Autoridad Nominadora y de OCAP, en donde cada agencia; (1) le informó erróneamente sobre la norma existente aplicable a su aumento por reclasificación; (2) no le advirtieron de su derecho de apelar ante la Junta de Apelaciones.

El 15 de abril de 1992 le concedimos término al Departamento de Servicios Sociales para que mostrara causa por la cual no debíamos de expedir el auto de *certiorari* radicado y dictar Sentencia revocatoria de la emitida en el presente caso por la Sala de San Juan del Tribunal Superior de Puerto Rico. La Procuradora General de Puerto Rico ha comparecido en representación del referido Departamento de Servicios Sociales. Su comparecencia, no hay duda, es una informada e ilustradora. La misma nos motiva a "aclarar" lo resuelto en *Aponte v. Srio. de Hacienda, E.L.A.*, 125 D.P.R. 610 (1990),[1] respecto al procedimiento a seguirse en relación con "reclamaciones de salarios", como la presente, de los empleados del Estado Libre Asociado de Puerto Rico que se dilucidan administrativamente entre el empleado y su agencia. Ello no obstante, procede actuar conforme a lo intimado a la orden de mostrar causa emitida. Veamos por qué.

---

[1] 90 J.T.S. 34.

# I

 Mediante la decisión que emitiéramos en *Aponte v. Srio. de Hacienda, E.L.A.*, ante, resolvimos varios casos consolidados en los cuales un grupo de agentes de la Policía de Puerto Rico reclamaban salarios, alegadamente, no pagados por dicha agencia. En el mismo dilucidamos, entre otras, la controversia sobre cuál era el término prescriptivo aplicable a las reclamaciones de salarios de los empleados públicos. Confirmamos, en lo pertinente, la determinación del foro de instancia a los efectos de que el término prescriptivo aplicable lo era el establecido por el Art. 1867 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5297; *esto es, el de tres (3) años.*[2] Veáse, en adición, *Vega Torres, Cuevas v. Lacot, E.L.A.*, 125 D.P.R. 689 (1990).[3]

 Ocupando, al día de hoy, su plaza de empleada de carrera, esto es, no habiendo cesado en su empleo la señora Rivera Rivera, no cabe la menor duda que su reclamación de salarios no estaba prescrita a la fecha en que ella originalmente instó la misma. *Aponte v. Srio. de Hacienda, E.L.A.*, ante. *Ello, sin embargo, no dispone del todo de la controversia planteada en el presente caso.* La "diferencia" surgida entre la empleada y su autoridad nominadora aflora como consecuencia de una *reclasificación* de que es objeto la empleada, en específico sobre la cantidad de aumento en salario que dicha reclasificación conlleva. Conforme a las normas vigentes sobre jurisdicción primaria y agotamiento de remedios administrativos, un empleado no puede, de ordinario, preterir el cauce admnistrativo a me-

---

[2] El término establecido por el Art. 1867 del Código Civil, 31 L.P.R.A. sec. 5297, comienza a correr desde el momento en que: a) el empleado *cesa de trabajar* para su patrono; b) el empleado *interrumpe sus servicios* por un período de tiempo sin explicación para ello, aunque el patrono lo reemplee, y c) cuando se opera una *novación del contrato de trabajo* por motivo de cambios sustanciales en la naturaleza de los servicios que el empleado presta. *Agostini v. Tribunal Superior*, 82 D.P.R. 219, 227 (1961).

[3] 90 J.T.S. 35.

nos que se den las restrictivas excepciones establecidas por la jurisprudencia aplicable. *Delgado Rodríguez v. Nazario de Ferrer*, 121 D.P.R. 347 (1988); *Mercado Vega v. U.P.R.*, 128 D.P.R. 273 (1991). Atendidos los *hechos específicos* del caso ante nuestra consideración, parece claro que la controversia surgida entre la empleada y la agencia era una de la competencia de J.A.S.A.P. *Aulet v. Depto. Servicios Sociales*, 129 D.P.R. 1 (1991); *Delgado Rodríguez v. Nazario de Ferrer*, ante.([4])

■ Esa circunstancia obligaba a la empleada aquí en controversia a recurrir a J.A.S.A.P. en revisión de la decisión emitida por la agencia, decisión mediante la cual la agencia reiteró la corrección del aumento de salario concedídole a la empleada en virtud de la reclasificación de que ésta fue objeto. Ello significa que entran en juego las disposiciones pertinentes de la Ley de Personal del Servicio Público de Puerto Rico —Sec. 7.15(1) de la Ley Núm. 5 de 14 de octubre de 1975 (3 L.P.R.A. sec. 1395)— respecto a los términos jurisdiccionales que tienen los empleados para acudir ante J.A.S.A.P. de una decisión final emitida por la agencia o autoridad nominadora. Como es sabido, el referido término es de treinta (30) días a partir de la notificación de la acción o decisión objeto de la apelación, 3 L.P.R.A. sec. 1395(1).

En el presente caso, la reclasificación de la peticionaria ocurrió el 1ro de septiembre de 1988. Ésta cuestionó, en tiempo, ante el D.S.S. la cantidad del aumento recibido por ella como consecuencia de dicha reclasificación. El D.S.S. resolvió la reclamación instada por la empleada con fecha de 7 de abril de 1989. Conforme expresáramos anteriormente, la señora Rivera Rivera tenía, a partir de esa fecha, el término de treinta (30) días para acudir ante J.A.S.A.P. en revisión de la referida determinación. No lo hizo.

_____

([4]) De hecho, así lo entendió, inclusive, la propia peticionaria. Como hemos visto, ella acudió ante dicho organismo administrativo.

## II

Ahora bien, el hecho de que la empleada peticionaria no acudiera ante J.A.S.A.P. en el referido término de treinta (30) días tampoco dispone del *caso específico* ante nuestra consideración. Como hemos visto, el Departamento de Servicios Sociales *no* le advirtió a la señora Rivera Rivera de su *derecho* a acudir ante J.A.S.A.P. en revisión de su denegatoria *ni* del término que tenía para ello.

Dicha situación, hemos resuelto, tiene la consecuencia de hacer "inaplicable" el término jurisdiccional de treinta (30) días, *rigiendo la doctrina de incuria.* Véase *García v. Adm. del Derecho al Trabajo,* ante. Expresamos en el citado caso de *García v. Adm. del Derecho al Trabajo,* ante, pág. 59, que cada caso debe examinarse a la luz de sus *particulares* hechos. Por otro lado, siendo de aplicación la doctrina de incuria, debe mantenerse presente que no basta el mero transcurso del tiempo para que exista incuria, sino que es necesario evaluar otras circunstancias tales como la justificación, si alguna, de la demora incurrida, el perjuicio que ésta acarrea y el efecto sobre intereses privados o públicos involucrados. *J.R.T. v. A.E.E.,* 113 D.P.R. 564 (1982); *Pueblo v. Tribl. Superior,* 81 D.P.R. 904 (1960).(5)

---

(5) El caso ante nuestra consideración, como hemos visto, trata de una situación en que un empleado dentro del Sistema de Personal se ve afectado por una decisión, de índole "ejecutiva", de su autoridad nominadora, relacionada la misma con asuntos relativos al principio de mérito. Advertimos que en aquellas situaciones en que la agencia actúa dentro del contexto de procedimientos de índole adjudicativos son de aplicación las disposiciones de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. sec. 2101 *et seq.*). En esas situaciones, y ante el incumplimiento de la agencia con el requerimiento de advertir a las partes, en la decisión que emite, de su derecho a solicitar reconsideración o revisión de la orden o resolución emitida, con expresión de los términos correspondientes, resultan de particular importancia las disposiciones de la Sec. 3.14 de la Ley Núm. 170, ante, 3 L.P.R.A. sec. 2164, a los efectos de que los referidos términos no comenzarán a "correr" hasta tanto se cumpla con el requisito antes mencionado.

## III

El presente caso trata sobre una dilación de aproximadamente año y medio. Ello, *de ordinario*, sería suficiente para decretar que hubo incuria de parte del empleado. Pesa sobre nuestro ánimo, sin embargo, no sólo el hecho de que el Departamento de Servicios Sociales *no* le informó a la peticionaria sobre su derecho de apelar a J.A.S.A.P. *ni* del plazo que tenía para cumplir con este trámite, al denegarse originalmente su reclamación, sino que, no obstante la peticionaria acudir ante otra agencia gubernamental, la O.C.A.P., ésta *tampoco* le advirtió del mismo. En otras palabras, la peticionaria al *originalmente serle denegada su reclamación, no* se cruzó de brazos. *García v. Adm. del Derecho al Trabajo*, ante, pág. 58. Insatisfecha, acudió ante una segunda agencia, la cual tampoco la orientó adecuadamente sobre su derecho a apelar. Es de notar, en adición, que cuando la demandante adviene en conocimiento de una decisión favorable a su posición, por parte de J.A.S.A.P., ella prontamente acude ante dicho organismo administrativo a reclamar sus derechos. Por otro lado, la agencia no ha demostrado, en su comparecencia ante el Tribunal,[6] que le cause un grave perjuicio el hecho de que le permitamos a la empleada peticionaria tener su "día en corte" respecto a su alegado derecho a percibir un salario mayor del concedido. *J.R.T. v. A.E.E.*, ante.

Nos parece que a la luz de esos hechos, *particulares y específicos, no* se debe privar a la aquí peticionaria de su derecho a que su reclamación sea ventilada en los méritos ante J.A.S.A.P.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Hernández Denton disiente "por considerar que el Tribunal Superior correctamente aplicó

---

[6] De hecho, la Procuradora General no lo plantea en dicha comparecencia.

la doctrira de incuria para denegar la solicitud de revisión. La empleada esperó aproximadamente un año y medio desde que se le adjudicó formalmente su petición salarial para apelar ante la Junta del Sistema de Administración de Personal (J.A.S.A.P.). La opinión del Tribunal tiene el efecto de socavar la finalidad de las decisiones de los organismos administrativos y de aplicar retroactivamente una decisión para beneficiar a una persona que inicialmente se cruzó de brazos al enterarse de una decisión adversa". El Juez Asociado Señor Fuster Berlingeri disiente "por considerar que el Tribunal Superior aplicó correctamente la norma vigente para estos casos, según establecida en *García v. A.D.T.*, 108 D.P.R. 53 (1978)".