Confirmaríamos.

IRMA RAMOS RIVERA y OTROS, demandantes y peticionarios, *v.* DEPARTAMENTO DE SALUD y ADMINISTRACIÓN DE FACILIDADES Y SERVICIOS DE SALUD (A.FA.S.S.), demandados y recurridos.

*Número:* CC-97–211          *Resuelto:* 9 de junio de 1997

*Luis M. Escribano Díaz*, abogado de la parte peticionaria; *Carlos Lugo Fiol, Procurador General,* y *Sigfredo Rodríguez Isaac, Procurador General Auxiliar,* abogados de la parte recurrida.

— O —

Voto concurrente emitido por el Juez Asociado Señor Fuster Berlingeri, al que se une el Juez Presidente Señor Andréu García.

Me ha parecido menester expresar la razón en que se fundamenta la decisión, que comparto con los otros miembros de este Foro, de denegar la solicitud de revisión en el caso de autos. Ello es necesario para dejar claro que no consideramos válidas algunas conclusiones de derecho emitidas por los foros recurridos. Veamos.

I

En esencia, se impugna ante nos aquí la cesantía de las peticionarias, quienes habían sido empleadas del Departamento de Salud. Éstas habían trabajado en puestos transitorios de dicho departamento ininterrumpidamente por espacio de seis años, cuando el Director de la Región de Salud de Caguas les notificó por carta que sus nombra-

mientos no serían renovados. *No se les notificó de su derecho a apelar ante la Junta de Apelaciones del Sistema de Administración de Personal* (en adelante la J.A.S.A.P.).

Cerca de cinco meses después de haber quedado cesantes las peticionarias, la organización laboral de los empleados de salud solicitó que el Departamento de Salud las repusiera en su empleo; esto sin éxito. Dos meses y medio más tarde, las peticionarias apelaron ante la J.A.S.A.P. Alegaron que tenían un derecho estatutario a un puesto regular de carrera y que su empleo había sido terminado por razones de discrimen político.

La J.A.S.A.P. desestimó la referida apelación. Adujo que ésta había sido presentada fuera del término jurisdiccional de treinta días, por lo que no tenía autoridad para entender en ella. A pesar de tal dictamen, contradictoriamente, consideró los méritos de la apelación y también resolvió que, como las peticionarias eran empleadas transitorias, carecían de un interés propietario en las posiciones que ocupaban.

Eventualmente, las peticionarias recurrieron al Tribunal de Circuito de Apelaciones. Éste también desestimó la solicitud de revisión de las peticionarias. En lo pertinente, concluyó que aunque el Departamento de Salud no le había notificado a las peticionarias que podían apelar ante la J.A.S.A.P., ello no invalidaba la determinación que hizo la J.A.S.A.P. de que no tenía jurisdicción para entender en la tardía apelación de las peticionarias. Señaló el foro apelativo que, como las peticionarias sólo tenían puestos transitorios, la decisión de no renovar sus nombramientos era sólo un trámite administrativo. Por ello dictaminó el foro apelativo que el Departamento de Salud no tenía que cumplir con los requisitos de notificación de la Sec. 3.14 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante la L.P.A.U.), 3 L.P.R.A. sec. 2164; es decir, que el Departamento de Salud no estaba obligado a advertir a las peticionarias de la exis-

tencia y los términos de los remedios apelativos. Determinó el Tribunal de Circuito de Apelaciones que no tenía base para intervenir con la decisión de la J.A.S.A.P.

## II

En nuestra jurisprudencia está claramente establecido que el término jurisdiccional de treinta días que tiene un empleado público para apelar ante la J.A.S.A.P. una decisión adversa de la agencia para la cual trabajaba, no es aplicable cuando la agencia, al notificarle la decisión adversa al empleado, no le haya advertido a éste de su derecho a recurrir a la J.A.S.A.P. *Rivera v. Depto. de Servicios Sociales*, 132 D.P.R. 240 (1992) *García v. Adm. del Derecho al Trabajo*, 108 D.P.R. 53 (1978). El término para apelar no comienza a transcurrir a partir de una notificación que sea defectuosa, por no haber incluido las advertencias que exige la ley. Íd.

En el caso de autos, las peticionarias no fueron advertidas de que podían apelar ante la J.A.S.A.P. Por lo tanto, no podía aplicárseles taxativamente el término de treinta días para apelar, como erróneamente hicieron tanto la propia J.A.S.A.P. como el Tribunal de Circuito de Apelaciones.

El foro apelativo determinó que en el caso de las peticionarias no había que hacer la advertencia en cuestión porque, siendo ellas empleadas transitorias, la notificación de que no se les renovaría su nombramiento era un mero trámite administrativo, que no daba base para la obligación de advertir al empleado de los procedimientos y términos para apelar.

La referida determinación del foro apelativo es incorrecta. Si bien es cierto que hemos resuelto que los empleados transitorios, de ordinario, no gozan de derecho a permanencia en su puesto, ello de ninguna forma significa que un empleado transitorio *nunca* tiene derecho a cuestionar su cesantía. Existen situaciones en las cuales

tales cesantías pueden impugnarse meritoriamente. Por ejemplo, ello puede ocurrir si la autoridad nominadora le ha creado al empleado transitorio una expectativa razonable de retención en el cargo. *Orta v. Padilla Ayala*, 131 D.P.R. 227 (1992); *Depto. Recs. Naturales v. Correa*, 118 D.P.R. 689 (1987); *Lupiáñez v. Srio. de Instrucción*, 105 D.P.R. 696 (1977). También puede ocurrir si ha mediado legislación dirigida a convertir los cargos transitorios en empleos regulares. Véase la Ley Núm. 56 de 16 de agosto de 1989 (3 L.P.R.A. secs. 1332–1333 y 1411(26)). O podrían existir reclamaciones válidas sobre el término del nombramiento o sobre el procedimiento para la cesantía. *Delgado v. D.S.C.A.*, 114 D.P.R. 177 (1983). En éstas y otras instancias, el empleado transitorio puede tener bases meritorias para impugnar su cesantía. Por ello no puede concluirse, como erróneamente lo hizo el foro apelativo, que la decisión de cesantear a un empleado transitorio es un mero trámite administrativo que no requiere que se le advierta a dicho empleado de que puede apelar dicha decisión.

Más aún, el derecho a ser notificado de la existencia y los términos de los remedios apelativos está expresamente establecido en la L.P.A.U. para "la parte adversamente afectada" por la decisión de una agencia. 3 L.P.R.A. sec. 2165. Lo determinativo, pues, para que surja la obligación de advertir en cuestión, es que la decisión de la agencia sea *adversa* al empleado de la agencia. No importa realmente qué tipo de cargo tiene o tenía el empleado, si la decisión le es adversa, como era la del caso de autos.

En resumen, pues, en este caso el Departamento de Salud erró al no advertir a las peticionarias de su derecho a apelar ante la J.A.S.A.P. Igualmente erró la J.A.S.A.P. al denegar por falta de jurisdicción la apelación de las peticionarias, sobre la base de que ésta fue presentada pasados los treinta días que fija la ley para tales apelaciones. Y erró el Tribunal de Circuito de Apelaciones al convalidar las

referidas decisiones tanto del Departamento de Salud como de la J.A.S.A.P.

## III

A pesar de los errores señalados antes, por otro fundamento distinto al ya discutido, procede que se deniegue la solicitud de *certiorari* de las peticionarias. El resultado al que llegó el foro apelativo es correcto, ya que las peticionarias sí incurrieron en *incuria* al acudir a la J.A.S.A.P., como, de pasada, intimó dicho foro.

Tanto en *Rivera v. Depto. de Servicios Sociales*, supra, como en *García v. Adm. del Derecho al Trabajo*, supra, indicamos que cuando la agencia que decide en contra de un empleado suyo no le advierte del derecho a apelar, no aplica el término jurisdiccional de treinta días para acudir a la J.A.S.A.P., pero sí aplica la doctrina de incuria.

No cabe duda de que en este caso, las peticionarias incurrieron en demora al acudir a la J.A.S.A.P. Incoaron su apelación allí ocho (8) meses y diez (10) días después de haber sido notificadas de su cesantía. Nótese, además, que su apelación se presentó siete (7) semanas después de que el Departamento de Salud denegase la solicitud de reposición que formuló por ellas la entidad laboral de las peticionarias. Éstas no han ofrecido explicación alguna para tratar de justificar o explicar su dilación en actuar. Como hemos señalado antes, un apelante potencial en situaciones como la de autos no puede cruzarse de brazos, descansando en la falta de advertencia. No puede incurrir en tardanza injustificada para interponer su apelación. Por ello, al igual que los otros miembros de este Foro, estimo que la solicitud de *certiorari* ante nos debe denegarse.