Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| GLORIA SEPÚLVEDA CRUZ<br><br>Demandante Apelante<br><br>v.<br><br>MUNICIPIO DE HORMIGUEROS Y OTROS<br><br>Demandada Apelada | KLAN202400091 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Cabo Rojo<br><br>Caso Núm.: MZ2022CV00033 Sala: 200<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 11 de abril de 2024.

Comparece la señora Gloria Sepúlveda Cruz (señora Sepúlveda Cruz o apelante) mediante un recurso de *Apelación*. Nos solicita la revocación de una *Sentencia Enmendada,* emitida el 18 de diciembre de 2023 y notificada el 27 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Cabo Rojo. En la referida determinación, el foro primario desestimó la causa de acción presentada en contra del Municipio de Hormigueros bajo el fundamento de cosa juzgada en la modalidad de impedimento colateral por sentencia. Por los fundamentos expuestos a continuación, confirmamos el dictamen apelado.

La génesis de este caso se remonta a la presentación de una *Demanda* en el 2022 en torno a daños y perjuicios en contra del Municipio de Hormigueros. En dicha reclamación, la señora Sepúlveda

Cruz alegó que el mencionado municipio proveyó una maquinaria para la construcción de un sistema de entubamiento de aguas en la parte posterior de su solar. Sin embargo, aseveró que a raíz de dicha edificación ha enfrentado continuos problemas de inundación. Adujo -fundamentada en la inspección de un perito ingeniero- que nunca se construyó un poceto de reducción para evitar el desbordamiento de aguas. Ante tales alegaciones, solicitó $50,000.00 por el incumplimiento de las normas de ingeniería y las angustias experimentadas como resultado de las inundaciones.

Luego de una serie de trámites procesales, el Municipio presentó una *Moción en Solicitud de Desestimación*. Señaló que la aludida demanda es idéntica a la causa de acción IDI20030009 instada anteriormente por la demandante. Advirtió que esa reclamación culminó con una estipulación alcanzada por las partes y posteriormente informada al Tribunal de Primera Instancia. En vista de lo anterior, solicitó la aplicación de la doctrina de cosa juzgada.

En respuesta, la señora Sepúlveda Cruz presentó su *Oposición a Moción en Solicitud de Desestimación del Municipio de Hormigueros*. Argumentó que la causa de acción presentada es independiente a la anterior e instada con posterioridad a la construcción. Indicó que el objetivo del reclamo actual es dilucidar que el sistema construido por el Municipio es ineficiente. Evaluados sus argumentos, el foro primario emitió una *Resolución* declarando no ha lugar a la desestimación solicitada.

Oportunamente, el Municipio sometió una *Moción en Solicitud de Reconsideración* acompañada de evidencia documental. En dicho escrito, reiteró que anteriormente la demandante expuso las mismas

alegaciones contenidas en la reclamación presente. Aseveró que el 12 de julio de 2010 informó al Tribunal de Primera Instancia respecto al cumplimiento de la estipulación. Añadió que el foro apelativo aludió a dicho cumplimiento en la *Resolución* KLCE202000666.

Examinada su posición, el foro primario concluyó, mediante *Sentencia,* que procedía la desestimación de la causa de acción bajo el fundamento de cosa juzgada. Por tanto, declaró ha lugar la *Moción Solicitando Desestimación* presentada por el Municipio. En desacuerdo, la demandante presentó su solicitud de reconsideración. Sin embargo, el Tribunal de Primera Instancia denegó dicha petición. A su vez, emitió una *Sentencia Enmendada* a los fines de incluir un pronunciamiento en torno a la doctrina de impedimento colateral de sentencia. Advirtió que las alegaciones objeto de la demanda se dilucidaron previamente ante el foro recurrido y en un proceso post sentencia ante el Tribunal de Apelaciones.

Inconforme con tal determinación, la señora Sepúlveda Cruz acudió ante nos mediante un recurso de *Apelación*. En esencia, sostuvo que la dotrina de cosa juzgada en la vertiente de impedimento colateral resulta inaplicable a los hechos objeto de la demanda en cuestión. En particular, argumentó que incidió el foro primario al aplicar dicha doctrina junto a la norma de incuria, toda vez que la causa de acción presente es independiente a la anterior. En respuesta, el Municipio presentó un escrito intitulado *Alegato Parte Apelada.* Puntualizó que la doctrina de impedimento colateral es aplicable a la controversia, pues las partes son las mismas y las causas medulares son iguales a las presentadas en el pleito anterior. Arguyó, además, que la apelante tuvo las garantías, las defensas y las oportunidades que nuestro sistema de

justicia ofrece a esos fines. Por tanto, adujo, que luego de quince (15) años no puede atacar la estipulación alcanzada entre las partes.

En nuestro ordenamiento jurídico, la doctrina de cosa juzgada procura "poner fin a los litigios luego de haber sido adjudicados de forma definitiva por los tribunales y, de este modo, garantizar la certidumbre y seguridad de los derechos declarados mediante una resolución judicial para evitar gastos adicionales al Estado y a los litigantes". *Presidential v. Transcaribe*, 186 DPR 263, 273-274 (2012); *Worldwide Food Dis., Inc. v. Colón et al.*, 133 DPR 827, 834 (1993). Esta doctrina comprende "lo ya resuelto por fallo firme de un Juez o Tribunal competente, y lleva en sí la firmeza de su irrevocabilidad". *Parrilla v. Rodríguez*, 163 DPR 263, 268 (2004) (citando a J.M. Manresa, *Comentarios al Código Civil Español*, 6ta ed. Rev., Madrid, Ed. Reus, 1967, T. VIII, Vol. 2, p. 278). A su vez, garantiza la finalización de los pleitos y evita someter a los ciudadanos a las molestias que conlleva litigar dos veces una misma causa. *Presidential v. Transcaribe*, *supra*; *Fonseca et al. v. Hosp. HIMA*, 184 DPR 281 (2012).

Una sentencia que adviene final y firme constituye cosa juzgada no solo en cuanto a todo lo que se alegó y se admitió en torno a la reclamación, sino también, en cuanto a todo asunto que pudo haberse planteado, siempre y cuando haya tenido la parte la oportunidad justa de ser oída. *Comisión de los Puertos de Mayagüez v. González Freyre*, 211 DPR 579 (2023) (citando a *Marrero Rosado v. Marrero Rosado*, 178 DPR 476 (2010)). De igual modo, como general, un acuerdo tiene el efecto de cosa juzgada entre las partes. *Díaz Rodríguez v. García Neris*, 208 DPR 706 (2022).

Ahora bien, la defensa de cosa juzgada no opera de manera automática. No debe aplicarse inflexiblemente, en particular, cuando al hacerlo se desvirtúan los fines de la justicia, produce resultados absurdos o cuando se plantean consideraciones de interés público. *Meléndez v. García*, 158 DPR 77 (2002). *Pagán Hernández v. U.P.R.*, 107 DPR 720 (1978). Su presunción se activa cuando concurre la perfecta identidad de causa, cosas, partes y calidad en que lo fueron en un pleito anterior. *Ortiz Matías v. Mora Development*, 187 DPR 649 (2013). En ese sentido, el requisito de causa existe cuando los hechos y los fundamentos de las peticiones son idénticos en torno a la cuestión planteada. *Presidential v. Transcaribe*, *supra.* Al determinar si media identidad de causa de acción es necesario evaluar si ambas reclamaciones surgen de la misma transacción o núcleo de hechos. Íd. En cuanto a cosa, se refiere al objeto o la materia sobre la cual se ejercita la acción, aunque haya disminuido o alterado. Íd. En este contexto, las partes significan quienes intervienen en el proceso, a nombre y en interés propio, y quienes resultarían directamente afectados por la excepción de la cosa juzgada. *Íd.*

En armonía con lo anterior, la referida doctrina abarca la modalidad de impedimento colateral. El Tribunal Supremo de Puerto Rico establece que el impedimento colateral por sentencia "surte efecto cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final". *Bacardí Corporation v. Torres Arroyo*, 202 DPR 1014, 1025 (2019); *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753, 762 (1981). Esta vertiente no requiere el cumplimiento de identidad de causa. *Beníquez v. Vargas*, 184 DPR 210 (2012). No obstante, no procede su aplicación cuando:

(1) la parte no ha tenido la oportunidad de litigar previamente el asunto, o (2) pudiendo haber litigado el asunto en la primera acción, éste no fue litigado o adjudicado en el pleito anterior o (3) cuando ese litigante no ha resultado ser la parte perdidosa en el pleito anterior. *Íd*.

Por otro lado, la doctrina de incuria significa la "dejadez o negligencia en el reclamo de un derecho, los cuales en conjunto con el transcurso del tiempo y otras circunstancias que causan perjuicio a la parte adversa, opera como un impedimento en una corte de equidad". *Alonso Piñero v. UNDARE, Inc*., 199 DPR 32, 53 (2017); *Consejo Titulares v. Ramos Vázquez*, 186 DPR 311, 340 (2012). Ahora bien, no basta el mero transcurso del tiempo para que exista incuria, sino que es que es necesario evaluar otras circunstancias tales como (1) la justificación, si alguna, de la demora incurrida, (2) el perjuicio que ésta acarrea y (3) el efecto sobre intereses privados o públicos involucrados. *Rivera v. Depto. de Servicios Sociales*, 132 DPR 240 (1992); *J.R.T. v. A.E.E.,* 113 DPR 564 (1982). Por consiguiente, "cada caso deberá ser examinado a la luz de sus hechos y circunstancias particulares". *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998, 1020 (2008) (citando a *Pérez, Pellot v. J.A.S.A.P*., 139 DPR 588, 599 (1995)).

Tras examinar detenidamente el recurso ante nuestra consideración, así como la prueba documental que obra en el expediente, resulta forzoso concluir que actuó correctamente el Tribunal de Primera Instancia al desestimar la causa de acción presentada en contra del Municipio de Hormigueros. La demanda instada por la señora Sepúlveda Cruz exhibe los criterios esenciales, que motivan la aplicación de la doctrina de cosa juzgada en la modalidad de impedimento colateral.

En el presente caso, la apelante instó una causa de acción fundamentada en los mismos hechos y en contra de iguales partes a las del primer pleito radicado en el 2002. Evaluada la génesis de la actual reclamación, así como sus argumentos principales, nos resulta evidente que concurre la perfecta identidad de causa, cosas, partes y calidad en que lo fueron en un pleito anterior. Por tanto, la señora Sepúlveda Cruz está imposibilitada de volver a litigar los asuntos previamente atendidos ante la esfera judicial.

Surge del expediente y de la *Resolución* emitida por este Tribunal de Apelaciones que "las partes llegaron a unas estipulaciones y acuerdos que fueron acogidos por el TPI mediante una Sentencia emitida en el 2007, poniendo fin al pleito". Véase *Gloria Sepúlveda Cruz v. Doris Galiano Ramos y otros*, KLCE202000666 (2020). En específico, el foro apelativo destacó que "el 12 de julio de 2010, se le informó al TPI sobre el cumplimiento de las estipulaciones entre las partes por medio de la *Moción Informativa en Cumplimiento de Orden*". Íd.  Por consiguiente, concluimos que los hechos esenciales previamente adjudicados impiden a la apelante presentar por segunda ocasión un reclamo judicial derivado de una misma causa y en contra de iguales partes. Por tanto, no identificamos circunstancias excepcionales para prescindir de la aplicación de la doctrina de cosa juzgada en la vertiente de impedimento colateral. Toda vez que lo anterior dispone del presente recurso, resulta innecesario atender el señalamiento de error en torno a la doctrina de incuria.

Así expuesto, resolvemos que el foro primario no abusó de su discreción, ni incurrió en prejuicio, parcialidad, o error manifiesto al desestimar la demanda. Concedemos deferencia a la determinación

desestimatoria, pues es cónsona a la realidad fáctica detallada y al derecho positivo discutido. Por los fundamentos esbozados, confirmamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones