EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Puerto Rico Asphalt, LLC<br><br>Peticionario<br><br>v.<br><br>Junta de Subastas del Municipio de Naranjito<br><br>Recurrido<br><br>Professional Asphalt, LLC Licitadora Agraciada<br><br>v.<br><br>Super Asphalt Pavement, Corp.<br><br>Licitadora | Certiorari<br><br>2019 TSPR 239<br><br>203 DPR \_\_\_\_ |

Número del Caso: CC-2018-879

Fecha: 23 diciembre de 2019

Tribunal de Apelaciones:

    Panel I

Abogada de la parte peticionaria:

    Lcda. Monique J. Díaz Mayoral

Abogada de la parte recurrida:

    Lcda. Vivian González Méndez

Materia: Sentencia con Voto particular disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Puerto Rico Asphalt, LLC<br><br>Peticionario<br><br>v.<br><br>Junta de Subastas del Municipio de Naranjito<br><br>Recurrido<br><br>Professional Asphalt, LLC<br>Licitadora Agraciada<br><br>v.<br><br>Super Asphalt Pavement, Corp.<br><br>Licitadora | CC-2018-0879 |

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de diciembre de 2019.

La Junta de Subastas del Municipio de Naranjito (Junta) adjudicó la *buena pro* de la subasta Núm. 1, Serie: 2017-2018 a Professional Asphalt, LLC. Puerto Rico Asphalt, LLC (peticionario) acudió al Tribunal de Apelaciones y solicitó la revisión de la determinación de la Junta. El foro apelativo intermedio emitió una *Sentencia* mediante la cual desestimó el recurso de revisión judicial por falta de jurisdicción. Puerto Rico Asphalt comparece ante nos y solicita la revisión de la *Sentencia*.

A continuación, exponemos los hechos que dieron origen al recurso ante nuestra consideración.

# I

El 25 de abril de 2018, la Junta publicó el Aviso de Subasta Pública Núm. 1, Serie: 2017-2018 para regir el Año Económico 2018-2019, Renglón 1, para la adquisición de brea líquida, hormigón asfáltico y asfalto regado y compactado para ese municipio. La subasta se celebró el 11 de mayo de 2018. A esta comparecieron tres licitadores con sus respectivas ofertas. Estos fueron: (1) Super Asphalt Pavement Corporation; (2) Professional Asphalt, LLC; y (3) Puerto Rico Asphalt, LLC.

El 25 de mayo de 2018, la Junta se reunió para evaluar las propuestas. Luego de justipreciar las ofertas, mediante carta fechada el 31 de mayo de 2018, "determinó adjudicar la BUENA PRO a la compañía Professional Asphalt, LLC[,] ya que cumpl[ía] con todos los requisitos solicitados para la subasta y fue el licitador que mas bajo cotizó, esto velando por los mejores intereses del Municipio de Naranjito".[1] En la misiva, añadió la advertencia siguiente:

> [c]ualquiera de los licitadores podrá solicitar una revisión de las decisiones de la Junta de Subastas al Tribunal Apelativo, el cual tendrá jurisdicción exclusiva siempre y cuando se radique dentro del término jurisdiccional de diez (10) días a partir del archivo en autos de esta comunicación la cual se está enviando por correo certificado.[2]

---

[1] Véase la carta de adjudicación final emitida y certificada por el vicepresidente de la Junta y la secretaria municipal de Naranjito. La información de rastreo del Servicio Postal refleja que la carta se depositó el 31 de mayo de 2018. Apéndice de la Petición de *certiorari*, págs. 1-6.

[2] Íd.

Inconforme, el 27 de junio de 2018 Puerto Rico Asphalt presentó un recurso de revisión judicial ante el Tribunal de Apelaciones. En síntesis, alegó que la Junta emitió una notificación defectuosa que carecía de una síntesis de las propuestas de cada licitador, de los factores que la Junta consideró para adjudicar la subasta y de una sinopsis sobre cómo se aplicaron estos criterios con cada licitador. Sostuvo que la Junta no consignó cómo la adjudicación a Professional Asphalt convenía a los mejores intereses del Municipio de Naranjito. Añadió que tampoco consideró el hecho de que la Puerto Rico Asphalt está ubicada más cerca del lugar en el que se depositaría el suministro de asfalto. Por lo anterior, afirmó que la Junta actuó arbitraria, descuidada y caprichosamente.

El 18 de julio de 2018, el Municipio de Naranjito presentó una *Moción de desestimación (por falta de jurisdicción)*. Alegó que la notificación que emitió la Junta cumplió con el debido proceso de ley de las partes, ya que advirtió sobre los requisitos jurisprudenciales básicos para acudir en revisión, a saber: el derecho a procurar revisión judicial, el término para ello y la fecha de archivo en autos de la copia de la notificación de adjudicación. Arguyó que la parte recurrida se cruzó de brazos y presentó el recurso de revisión judicial

tardíamente, por lo que procedía aplicar la doctrina de incuria.

Luego de varios trámites procesales, el 30 de agosto de 2018, el foro apelativo intermedio emitió una *Sentencia* mediante la cual desestimó el recurso de revisión judicial por falta de jurisdicción. Señaló que se presentó transcurridos veintisiete días desde la notificación de la determinación de la subasta. Indicó que el término jurisdiccional para presentar un recurso de revisión judicial es de diez días, según la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 (Ley de Municipios Autónomos), 21 LPRA sec. 4000 *et seq.*

En desacuerdo con el dictamen, el 18 de octubre de 2018, Puerto Rico Asphalt acudió ante nos mediante recurso de *certiorari*. Planteó los señalamientos de error siguientes:

> PRIMER ERROR: Erró el Honorable Tribunal de Apelaciones en declararse sin jurisdicción por haberse presentado el recurso 27 días desde la notificación de la adjudicación de la Junta de Subastas del Municipio de Naranjito porque dicha notificación no expuso por lo menos, una síntesis de las propuestas de cada licitador, por lo cual es una notificación defectuosa y el término para apelar no ha empezado a correr.
>
> SEGUNDO ERROR: Erró el Honorable Tribunal de Apelaciones al no evaluar si la notificación era defectuosa, y por ende, si el término para apelar había empezado a correr.
>
> TERCER ERROR: Erró el Honorable Tribunal de Apelaciones al no aplicar jurisprudencia de este Honorable Tribunal Supremo que le es vinculante y establece precedente.

El 25 de enero de 2019 emitimos una *Resolución* expidiendo el auto de certiorari solicitado. Luego de varios trámites procesales y de que las partes presentaran sus respectivos alegatos, el caso quedó sometido para su resolución. Contando con ello, procedemos a resolver.

## II

La subasta tradicional y el requerimiento de propuestas (*request for proposal*) son los dos vehículos procesales que tanto el gobierno central como los municipios utilizan para la adquisición de bienes y servicios.[3] El propósito primordial de estos es proteger el erario público fomentando la libre y diáfana competencia entre el mayor número de licitadores posibles.[4] Con ello, se pretende maximizar la posibilidad del Gobierno para obtener el mejor contrato, mientras se protegen los intereses y activos del pueblo contra el dispendio, el favoritismo, la corrupción y el descuido al otorgarse contratos.[5]

En nuestro ordenamiento jurídico no existe una legislación especial que regule los procesos de subasta.

---

[3] *Puerto Rico Eco Park v. Municipio de Yauco*, 2019 TSPR 98; 201 DPR ___ (2019); *R & B Power v. E.L.A.*, 170 DPR 606 (2007).

[4] Íd. Véase, además, *Transporte Rodríguez v. Jta. Subastas*, 194 DPR 711, 716-717 (2016).

[5] Íd.

Corresponde a cada ente gubernamental ejercer su poder reglamentario para establecer el procedimiento y las guías que han de seguir en sus subastas para la adquisición de bienes y servicios. Aunque la Ley Núm. 38-2017, conocida como la Ley de Procedimiento Administrativo Uniforme (LPAU), 3 LPRA 9601 *et seq.*, reglamenta ciertos aspectos de las subastas, esta legislación excluyó de la definición de agencia a los municipios. Por lo que a estos no les aplican las disposiciones de esta ley. A esos efectos, las subastas que celebren los municipios quedan reguladas por la Ley de Municipios Autónomos.

En lo atinente al caso ante nuestra consideración, el Artículo 10.006 de la Ley de Municipios Autónomos establece lo relativo a las funciones y deberes de la Junta y los criterios de adjudicación que esta deberá considerar al evaluar las propuestas y notificar a los licitadores participantes. Así, el artículo precitado dispone que la Junta podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, si con ello se beneficia el interés público. Ahora bien, adjudicada la subasta la Junta deberá notificar a todos los licitadores "certificando el envío de dicha adjudicación mediante correo certificado con acuse de recibo".[6] Además, deberá notificar a los licitadores no agraciados, **las razones por las cuales no**

---

[6] 21 LPRA sec. 4506.

**se le adjudicó la subasta.**[7] La notificación tiene que apercibirles sobre el término jurisdiccional de diez días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones de conformidad con el Artículo 15.002 de la ley.[8]

A tales efectos, el Artículo 15.002 preceptúa lo siguiente:

. . . . . . . .

(2) El Tribunal de Apelaciones revisará, con exclusividad, el acuerdo final o adjudicación de la Junta de Subastas, el cual se notificará por escrito y mediante copia por correo escrito regular y certificado a la(s) parte(s) afectada(s). La solicitud de revisión se instará dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la copia de la notificación del acuerdo final o adjudicación. La notificación deberá incluir el derecho de la(s) parte(s) afectada(s) de acudir ante el Tribunal de Apelaciones para la revisión judicial; término para apelar la decisión; fecha de archivo en auto de la copia de la notificación y a partir de qué fecha comenzará a transcurrir el término. La competencia territorial será del circuito regional correspondiente a la región judicial a la que pertenece el municipio. 21 LPRA sec. 4702.

Por otro lado, el Reglamento Núm. 8873 del 19 de diciembre de 2016 para la Administración Municipal de 2016 (Reglamento Núm. 8873) establece las normas y las guías administrativas para los procedimientos de subastas. En lo relativo al aviso de adjudicación de subastas, la sección

---

[7] Íd.

[8] Íd.

13 de la Parte II del Reglamento Núm. 8873 preceptúa la obligación del Presidente de la Junta de emitir una notificación de adjudicación o determinación final por escrito y por correo certificado con acuse de recibo a todos los licitadores que participaron en la subasta. En cuanto al contenido del aviso de adjudicación o la determinación final de subastas, el inciso (3) de esa sección dispone que la notificación debe contener la información siguiente: **a) el nombre de los licitadores; b) una síntesis de las propuestas sometidas; c) los factores o criterios que se tomaron en cuenta para adjudicar la subasta y las razones para no adjudicar a los licitadores perdidosos;** d) el derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez días contados desde el depósito en el correo de la notificación de adjudicación; e) la fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.[9]

---

[9] Los Artículos 10.006 y 15.002 de la Ley de Municipios Autónomos disponían el término de veinte días para solicitar revisión del acuerdo final o adjudicación de la Junta de Subastas ante el Tribunal de Apelaciones. Como corolario de esta disposición la Sección 13, Parte I, Capítulo VII, del Reglamento para la Administración Municipal (Reglamento Núm. 7539 de 18 de julio de 2008) señalaba el mismo término para impugnar. No obstante, la Ley Núm. 213-2009 enmendó ambos artículos para reducir a diez días el término, los cuales comenzarán a transcurrir desde el depósito en el correo de la copia de la notificación del acuerdo final o adjudicación. Asimismo, se atemperó

Cónsono con lo anterior, hemos reiterado que el derecho a cuestionar una adjudicación o determinación final, mediante el mecanismo de revisión judicial, es parte del debido proceso de ley.[10] Ante ello, resulta indispensable **que se notifique adecuadamente a todas las partes** cobijadas por ese derecho.[11] De lo contrario, si no se cumplen con estas garantías mínimas, el derecho a revisar la determinación de la Junta de Subastas seria ineficaz.[12] El propósito es que los licitadores perdidosos tengan la oportunidad de solicitar revisión judicial dentro del término jurisdiccional aplicable.[13]

Sobre la exigencia de fundamentar la adjudicación de una subasta por una agencia administrativa, en *L.P.C. & D, Inc. v. A.C.*, 149 DPR 869, 877-888 (1999), señalamos que "para que este Tribunal pueda cumplir con su obligación constitucional y asegurar que el derecho a obtener la revisión judicial de una decisión de una agencia sea efectivo, **es imprescindible exigir que ella esté fundamentada,** aunque sea de forma sumaria".[14] (Énfasis

---

el término en el Reglamento Núm. 8873, aprobado el 19 de diciembre de 2019.

[10] *Puerto Rico Eco Park v. Municipio de Yauco*, *supra*; *Transporte Rodríguez v. Jta. Subastas*, *supra*, pág. 720; *Torres Prods. v. Junta Mun. Aguadilla*, 169 DPR 886, 893 (2007); *IM Winner, Inc. v. Mun. de Guayanilla*, 151 DPR 30, 37 (2000).

[11] Íd.

[12] *IM Winner, Inc. v. Mun. de Guayanilla, supra*, pág. 38.

[13] *Transporte Rodríguez v. Jta. Subastas*, *supra*, pág. 721.

[14] Véase, además, *RBR Const., S.E. v. A.C.,* 149 DPR 836 (1999).

suplido). Si la parte adversamente afectada por la determinación de la agencia desconoce los fundamentos que propiciaron su decisión, "el trámite de la revisión judicial de la determinación administrativa se convertiría en un ejercicio fútil".[15] En ese sentido, **"no basta con informar la disponibilidad y el plazo para solicitar la reconsideración y la revisión".**[16] (Énfasis suplido). Además, una notificación fundamentada permite que los tribunales puedan "revisar efectivamente los fundamentos para determinar si la determinación de la junta ha sido arbitraria, caprichosa o irrazonable", más aún en el caso de subastas públicas, en virtud de las cuales se desembolsan fondos públicos.[17] Por ello, **"[s]ólo a partir de la notificación así requerida es que comenzará a transcurrir el término para acudir en revisión judicial".** (Énfasis suplido).[18]

Por último, es menester señalar que en *Const. I. Meléndez, S.E. v. A.C.*, 146 DPR 743, 750 (1998), resolvimos que "los licitadores infructuosos en el proceso de subasta son partes para los efectos de la revisión judicial de la determinación administrativa". En consecuencia, la

---

[15] Íd.

[16] *L.P.C. & D., Inc. v. A.C.,* 149 DPR 869, 877 (1999).

[17] Véase, J.A. Echevarría Vargas, *Derecho Administrativo Puertorriqueño*, 4ta ed. rev., Puerto Rico, 2017, pág. 297. Véanse, además, *Transporte Rodríguez v. Jta. Subasta*, *supra*, pág. 721; *L.P.C. & D., Inc. v. A.C., supra*, pág. 879.

[18] *Puerto Rico Eco Park v. Municipio de Yauco*, *supra*; *IM Winner, Inc. v. Mun. de Guayanilla*, *supra*, pág. 38.

notificación a estos "es de carácter jurisdiccional y debe hacerse a la agencia **y a todas las partes en el procedimiento administrativo dentro del término para solicitar la revisión judicial**".[19] (Énfasis en el original). El incumplimiento con lo anterior priva de jurisdicción al tribunal para atender los méritos del recurso de revisión.[20] En otros términos, para cumplir con ese requisito jurisdiccional, es necesario que las partes conozcan las direcciones de los licitadores participantes y de la Junta. Así, podrán notificar una copia del escrito de revisión judicial, si deciden ejercer ese derecho.

Al igual que las órdenes y las sentencias de los tribunales, así como las determinaciones de las agencias administrativas, la correcta y oportuna notificación de una adjudicación de una Junta de Subastas es un requisito *sine qua non* de un ordenado sistema judicial.[21] Su omisión, además de crear demoras e impedimentos en el proceso judicial, puede conllevar graves consecuencias.[22] Una notificación defectuosa puede tener el efecto irremediable de afectar el derecho de una parte a cuestionar la adjudicación de subasta; también el de privar de jurisdicción al foro revisor para entender el asunto

---

[19] *Const. I. Meléndez, S.E. v. A.C*, 146 DPR 743, 748 (1998).

[20] Íd.

[21] Íd.

[22] Íd.

impugnado.[23] Si la notificación en cuestión adolece de los requisitos establecidos por la legislación y reglamentación procede devolver el asunto para que se emita una notificación que cumpla con ello.[24]

**III**

De un examen de la carta que envió el Vicepresidente de la Junta de Subastas del Municipio de Naranjito, mediante la cual notificó la adjudicación de subasta a favor de Professional Asphalt, surge lo siguiente: (1) el nombre de los licitadores, (2) el hecho de que Professional Asphalt fue el licitador que más bajó cotizó y (3) el término para acudir en revisión judicial ante el Tribunal de Apelaciones. No obstante, la notificación carece de una síntesis de las propuestas sometidas, de los factores o criterios que consideró la Junta para adjudicar la subasta y las razones o los defectos, si alguno, de los licitadores perdidosos, según lo dispone el Reglamento Núm. 8873. La notificación tampoco contiene las direcciones de los licitadores participantes ni de la Junta ──partes del procedimiento administrativo──. Como señaláramos, esto último permite a cualquier licitador infructuoso, si decide ejercer el derecho de revisión judicial, cumplir con el

---

[23] Véanse *Puerto Rico Eco Park v. Municipio de Yauco*, *supra*; *IM Winner, Inc. v. Mun. de Guayanilla*, *supra*, pág. 38.

[24] *L.P.C. & D, Inc. v. A.C.*, *supra*.

requisito jurisdiccional de notificar una copia del recurso a todas las partes, conforme a lo resuelto en *Const. I. Meléndez, S.E. v. A.C., supra.*[25]

A la luz de lo anterior, es forzoso concluir que el contenido de la notificación de adjudicación que emitió la Junta es insuficiente para cumplir con el estándar de adecuacidad establecido por nuestro ordenamiento jurídico. La notificación que emitió la Junta afectó el derecho de las partes perjudicadas a cuestionar la subasta y la facultad de los tribunales de revisar la razonabilidad de la determinación que emitió la Junta. En consecuencia, ante una notificación defectuosa el término para acudir en revisión judicial no comenzó a transcurrir.

Aclaramos que, si bien hay situaciones en que la inacción de una parte pudiese impedir que se provea el remedio solicitado, hemos expresado que la aplicación de la doctrina de incuria no opera automáticamente por el mero transcurso del tiempo.[26] Su empleo requiere considerar los factores siguientes: (1) si existe alguna justificación para la demora; (2) el perjuicio que esta acarrea; (3) el efecto sobre los intereses privados o públicos involucrados.[27] Así, señalamos que "[l]a evaluación de

---

[25] En el caso de autos, Puerto Rico Asphalt, LLC cumplió con este requisito.

[26] Véase *Alonso Piñero v. UNDARE, Inc.*, 199 DPR 32, 54 (2017).

[27] Íd., citando a *Consejo de Titulares v. Ramos Vázquez*, 186 DPR 311, 341 (2012); *Comisión Ciudadanos v. G.P. Property*, 173 DPR 998,

estos factores es primordial al resolver conforme a equidad".[28] Por lo tanto, su aplicación dependerá de la situación específica que presente cada caso.

Al considerar cada uno de estos factores en su totalidad, entendemos que en el caso ante nos no existe un grado de dejadez que cause un perjuicio indebido a la Junta de Subastas del Municipio de Naranjito. Por el contrario, la interpretación sugerida por la disidencia fomentaría un posible perjuicio al interés público y a la sana administración pública, puesto que una notificación inoficiosa serviría de escudo a entes que manejan fondos públicos para desalentar, consciente o inconscientemente, que se pueda acudir informadamente a cuestionar las determinaciones administrativas de subastas. Indistintamente de los méritos de la reclamación de la parte peticionaria, no es un remedio en equidad penalizarla por un acto municipal de nulidad que, fácilmente, puede corregirse mediante la notificación conforme al mandato legislativo. Entre ese acto sencillo y el grave perjuicio que ocasionaría para el peticionario, como propone la disidencia, la balanza debe inclinarse a favor de revocar el dictamen del Tribunal de Apelaciones.

**IV**

---

1020 (2008); *Srio. D.A.C.O. v. J. Condóminos C. Martí*, 121 DPR 807, 822 (1988).

[28] *Alonso Piñero v. UNDARE, Inc.*, *supra*.

Por los fundamentos enunciados, revocamos la sentencia emitida por el Tribunal de Apelaciones. Se devuelve el caso a la Junta de Subastas del Municipio de Naranjito para que emita una notificación adecuada conforme con lo aquí resuelto. Una vez esta se emita, la parte adversamente afectada podrá, de entenderlo pertinente, presentar un nuevo recurso de revisión.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez emitió un Voto Particular Disidente al cual se unió la Juez Asociada señora Rodríguez Rodríguez.


Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Puerto Rico Asphalt, LLC

    Peticionaria

      v.

CC-2018-0879

Junta de Subastas del Municipio
de Naranjito y otros

    Recurrida

La Jueza Presidenta Oronoz Rodríguez emitió un Voto Particular Disidente, al cual se une la Juez Asociada señora Rodríguez Rodríguez.

En San Juan, Puerto Rico, a 23 de diciembre de 2019.

Aunque la notificación que se impugnó en el caso de referencia no fue adecuada debido a que no incluyó una síntesis de las propuestas de los licitadores, disiento del proceder mayoritario. Ante una notificación defectuosa, no se puede descartar automáticamente el término que aplica para presentar un recurso de revisión judicial. En este caso, la peticionaria esperó **veintisiete (27) días** para presentar su recurso ante el Tribunal de Apelaciones, aun cuando la Junta de Subastas del Municipio de Naranjito le apercibió que debía instar su recurso de revisión **dentro del término jurisdiccional de diez (10) días** a partir de la notificación de la adjudicación.

I

Los hechos de este caso son sencillos y la controversia es recurrente en los procesos de subasta. Puerto Rico Asphalt, LLC (peticionario) es un licitador perdidoso que desea impugnar la adjudicación de una subasta para la adquisición de brea, hormigón y asfalto. El 31 de mayo de 2018, la Junta de Subastas del Municipio de Naranjito (Junta de Subastas) emitió una notificación en la cual se limitó a expresar que evaluó las propuestas de los tres licitadores (Super Asphalt Pavement Corporation, Professional Asphalt, LLC y Puerto Rico Asphalt, LLC), que los tres cumplieron con los requisitos que solicitó el Municipio y que decidió adjudicar la buena pro a Professional Asphalt, LLC, "ya que cumple con todos los requisitos solicitados para la subasta y fue el licitador que más bajo cotizó, esto velando por los mejores intereses del Municipio de Naranjito".[29] En la notificación se le advirtió a los licitadores que podían solicitar la revisión de la decisión de la Junta de Subastas ante el Tribunal de Apelaciones "siempre y cuando se radique dentro del término jurisdiccional de (10) diez días a partir del archivo en autos de esta comunicación la cual se está enviando por correo certificado".[30]

Puerto Rico Asphalt acudió al Tribunal de Apelaciones el 27 de junio de 2018. Es decir, en vez de acudir dentro del término apercibido, **Puerto Rico Asphalt, se demoró 17 días**

---

[29] Carta de adjudicación de la subasta, Apéndice, pág. 1.
[30] Íd.

**adicionales.** La Junta de Subastas solicitó oportunamente la desestimación del recurso de revisión judicial por falta de jurisdicción. Arguyó que Puerto Rico Asphalt no podía "cruzarse de brazos ante la expectativa de que una notificación fue inadecuada y pretender entonces la revisión de un dictamen fuera del término jurisdiccional provisto para ello".[31] Puerto Rico Asphalt se opuso a la desestimación y arguyó que no se le podía oponer el término jurisdiccional de diez (10) días debido a que la notificación que emitió la Junta de Subastas fue defectuosa. Según la peticionaria, los defectos consistían en la ausencia de una síntesis de las propuestas de los licitadores y de una explicación de los factores que se tomaron en consideración para adjudicar la buena pro.

El Tribunal de Apelaciones desestimó el recurso por falta de jurisdicción. Reconoció que, si una notificación adolece de alguno de los requisitos mínimos que establecen la Ley de Municipios Autónomos, 21 LPRA sec. 4001 *et seq*, y la jurisprudencia de este Tribunal, procede devolver el caso para que se emita una notificación adecuada.[32] **No obstante, también razonó que la presentación tardía del recurso le privó de jurisdicción.**[33]

---

[31] *Moción de desestimación* ante el Tribunal de Apelaciones, Apéndice, pág. 58.
[32] Sentencia del Tribunal de Apelaciones, Apéndice, págs. 77-80.
[33] Íd.

II

Esta no es la primera ocasión en que este Tribunal se enfrenta a una controversia sobre el efecto de una notificación defectuosa en los términos para presentar un recurso de revisión judicial. Ahora bien, cuando hemos atendido ese asunto el defecto recaía en el término aplicable, el foro al cual se debió acudir o cualquier información indispensable para ejercer el derecho de revisión oportunamente (por ejemplo, la fecha de depósito en el correo de copia de la notificación de la adjudicación). En esos casos, en los cuales el defecto afectó la dimensión procesal del trámite de revisión, **consistentemente** hemos resuelto que, si bien los términos no comienzan a decursar, procede evaluar la aplicabilidad de la doctrina de incuria.

Por otro lado, al enfrentarnos a un defecto que recae en la sustancia y el mérito de la adjudicación, no hemos tenido que evaluar si la parte acudió oportunamente al foro revisor. Por tal razón, no nos hemos expresado sobre el efecto de una notificación que, aunque advierte adecuadamente el término y el foro a recurrir, no cumple con los requisitos sustantivos para que el licitador perdidoso pueda cuestionar válidamente los fundamentos del municipio para la adjudicación. Veamos.

**A. Defectos procesales: cuando falta información necesaria para acudir *oportunamente* al Tribunal de Apelaciones**

La doctrina de incuria consiste en "la dejadez o negligencia de un derecho, la cual opera en conjunto con el

transcurso del tiempo y otras circunstancias que causan perjuicio a la parte adversa". IM Winner, Inc. v. Junta de Subastas del Gobierno Municipal de Guayanilla, 151 DPR 30, 39 (2000). En IM Winner, Inc. v. Junta de Subastas del Gobierno Municipal de Guayanilla, supra, se cuestionó la notificación de la adjudicación de una subasta municipal porque **no se advirtió a las partes su derecho a la revisión judicial, el término disponible para hacerlo y la fecha del archivo en autos de copia de la notificación de la adjudicación**. En ese entonces reiteramos que "si bien una notificación defectuosa impide que decurse el término para acudir en revisión, el término dentro del cual deberá interponerse el correspondiente recurso quedará sujeto a la doctrina de incuria". Íd., pág. 39; Véanse Rivera v. Depto. De Servicios Sociales, 132 DPR 240, 247 (1992); Digna E. García Tronocoso v. Administración del Derecho al Trabajo, 108 DPR 53 (1978). Al aplicar la doctrina de incuria, determinamos que no existía evidencia de que IM Winner actuó de forma negligente en su reclamo pues acudió apenas tres (3) días de vencido el término para acudir en revisión. Íd., pág. 41. Por tanto, devolvimos el caso al Tribunal de Apelaciones para su consideración en los méritos.

En Molini Gronau v. Corp. P.R. Dif. Púb., 179 DPR 674, 687 (2010) indicamos, de forma similar, que "si una parte **no ha sido notificada adecuadamente de su derecho de revisión** (…) no se le pueden oponer los términos para recurrir [;]

[n]o obstante, (…) estará sujeta a la doctrina de incuria". (Énfasis suplido.) De igual forma, en Horizon v. JTA Revisora, RA Holdings, 191 DPR 228, 235 (2014) expresamos que "a una parte que **no fue notificada adecuadamente de su derecho de revisión**, no se le pueden oponer los términos para recurrir". (Énfasis suplido.)  En cambio, "se le debe conceder tiempo a la parte perjudicada para que ejerza su derecho de revisión judicial como corresponde o atender el recurso de revisión judicial, siempre que no haya mediado incuria". Íd., pág. 236. En ese caso, la notificación **indicaba incorrectamente que la parte afectada debía acudir dentro de un término de treinta (30) días ante el Tribunal Supremo, cuando el foro correcto era el Tribunal de Apelaciones**. El recurrente presentó su recurso ante este Tribunal el último día dentro del término. En vista de lo anterior, concluimos que no hubo incuria y ordenamos la transferencia del caso al Tribunal de Apelaciones. Íd., pág. 242.

Más recientemente, en Puerto Rico Eco Park, Inc. v. Municipio de Yauco, 202 DPR ___ (2019), 2019 TSPR 98, nos enfrentamos a una notificación de una adjudicación de una subasta municipal que no incluyó **la fecha de archivo en autos de copia de la notificación ni advirtió que a partir de esa fecha comenzó a transcurrir el término para acudir al Tribunal de Apelaciones**. En esa ocasión, devolvimos el caso al foro apelativo intermedio para su consideración en los méritos debido a "la ausencia clara de que haya mediado incuria". Al

igual que en IM Winner, el recurrente acudió al foro apelativo intermedio tres (3) días después de vencido el término.

**B. Defectos sustantivos: cuando la notificación adolece de elementos necesarios para cuestionar la adjudicación en los méritos**

El defecto en la notificación no siempre recae en información esencial e indispensable para presentar un recurso de revisión judicial **oportunamente**, como sería el término para presentar el recurso y la fecha en que este comienza o el foro en el cual se debe presentar. En ocasiones, como aquí ocurre, el defecto recae en el contenido **sustantivo**. En estos casos, la notificación también es defectuosa porque impide al licitador perdidoso cuestionar los fundamentos del municipio (o la agencia, de ser ese el caso) para la adjudicación y argumentar por qué erró en su selección. No obstante, en estas circunstancias, las partes sí fueron debidamente notificadas **del término aplicable y el foro al cual deben acudir**, precisamente para reclamar los defectos en la notificación.

En L.P.C.& D., Inc. v. A.C., 149 DPR 869 (1999), la Junta de Subastas de la Autoridad de Carreteras y Transportación notificó una adjudicación de subasta en la cual advirtió la disponibilidad y el término para solicitar reconsideración, pero no fundamentó su determinación. Razonamos que la determinación de la agencia administrativa tiene que estar fundamentada, pues una parte necesita conocer los motivos de la agencia para poder ejercer su derecho a la revisión

judicial. Íd., págs. 877-878. Por primera vez indicamos que la notificación -aunque sea de forma sumaria y sucinta- debe incluir:

> los nombres de los licitadores en la subasta y una síntesis de sus propuestas; los factores o criterios que se tomaron en cuenta para adjudicar la subasta; los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos y la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial. Íd., pág. 879.

Posteriormente, en Punta Arenas Concrete, Inc. v. Junta de Subastas, 153 DPR 733 (2001), el Municipio de Hormigueros advirtió el derecho de las partes a solicitar revisión judicial en la notificación de la adjudicación de la subasta, pero no fundamentó su decisión. Resolvimos que el debido proceso de ley exige una adjudicación fundamentada, pues de esa forma los tribunales pueden revisar si la decisión fue arbitraria, caprichosa o irrazonable. Íd., pág. 742. Reiteramos que los fundamentos se pueden exponer "de manera breve o sumaria", pero deben incluir los nombres de los licitadores, una síntesis de sus propuestas, los criterios que se tomaron en cuenta para adjudicar la subasta, los defectos, si alguno, de las propuestas de los licitadores perdidosos y la disponibilidad y el plazo para solicitar la reconsideración y revisión judicial. Íd., pág. 743-744 citando a L.P.C.& D., Inc. v. A.C., 149 DPR 869, 879 (1999).[34]

---

[34] Cabe mencionar que los requisitos que se establecieron mediante jurisprudencia se incorporaron al Reglamento para la Administración Municipal de 2016 de la Oficina del Comisionado de Asuntos Municipales (OCAM), Reg. Núm. 8873, Parte II, Sección 13 (3) (a), (b) y (c). El

En ambos casos devolvimos el asunto a la junta de subastas correspondiente para que fundamentara su decisión. **Ahora bien, en ninguno se discutió el efecto de la notificación defectuosa -por ausencia de fundamentos- en los términos para acudir al Tribunal de Apelaciones.** Fíjese que en ambas se advirtió el derecho a recurrir de la adjudicación.

III

En el caso de referencia el defecto en la notificación no recayó sobre el término aplicable, la fecha desde la cual este comenzó a transcurrir o el foro adecuado a donde se debe acudir. Puerto Rico Asphalt no tenía duda de que debía **acudir al Tribunal de Apelaciones dentro del término jurisdiccional de 10 días a partir de la notificación.** Tampoco tenía impedimento alguno para presentar su recurso de revisión judicial dentro de ese término ni justificó su demora.[35] No se puede perder de perspectiva que los términos en los procesos de subastas municipales **son cortos y jurisdiccionales** precisamente por el interés público en que

---

Reglamento Núm. 8873 derogó el Reglamento Núm. 7539 de 2008 de la OCAM que también imponía los mismos requisitos en su Parte II, Sección 13.

[35] No solo se le notificó correctamente el término disponible y el foro al cual tenía que acudir, sino que Puerto Rico Asphalt está familiarizado con los procedimientos de impugnación de adjudicación de subasta. Tomamos conocimiento judicial de que Puerto Rico Asphalt ha presentado múltiples recursos de revisión judicial para impugnar adjudicaciones de subastas municipales. Algunos de estos son: Puerto Rico Asphalt, LLC v. Junta de Subastas del Municipio de Cataño, KLRA201800455; Puerto Rico Asphalt, LLC v. Junta de Subastas del Municipio Autónomo de Aguas Buenas, KLRA201800334; Puerto Rico Asphalt, LLC v. Junta de Subastas del Municipio de Río Grande, KLRA201900510; Puerto Rico Asphalt, LLC v. Junta de Subastas del Municipio Autónomo de Aguas Buenas, KLRA201900395; Puerto Rico Asphalt, LLC v. Junta de Subastas del Municipio de Trujillo Alto, KLRA201800341; Puerto Rico Asphalt, LLC v. Junta de Subastas del Municipio de Bayamón, KLRA201800275; Puerto Rico Asphalt, LLC v. Junta de Subastas del Municipio de Comerío, KLRA201800343.

la otorgación de los contratos no se demore excesivamente en detrimento de las necesidades de los municipios.[36] Resaltamos que el Reglamento Núm. 8873 dispone que "no se formalizará contrato alguno hasta tanto transcurran diez (10) días contados desde el depósito en el correo de la notificación del acuerdo final o adjudicación". Una vez concluya el término, "el municipio otorgará el contrato escrito". Íd.

En vista de lo anterior, resulta desacertado concluir que Puerto Rico Asphalt no estaba sujeto a término alguno para acudir al Tribunal de Apelaciones. La peticionaria sabía perfectamente cuándo y dónde debía presentar su recurso para impugnar la suficiencia del contenido de la notificación. La omisión de una síntesis de las propuestas de los licitadores en la notificación no puede ser justificación para acudir al Tribunal de Apelaciones fuera del término jurisdiccional de 10 días del cual se le apercibió. A pesar de lo anterior, acudió al foro apelativo intermedio **veintisiete (27) días después de vencido el término.**[37]

Por tanto, confirmaría la Sentencia del Tribunal de Apelaciones que desestimó el recurso de revisión judicial por falta de jurisdicción.

---

[36] Incluso, la Ley de Municipios Autónomos, 21 LPRA sec. 4001 *et seq.*, no provee un trámite para solicitar reconsideración de la adjudicación de una subasta.

[37] Destacamos que Puerto Rico Asphalt casi **triplicó** el término que tenía para presentar su recurso de revisión judicial ante el Tribunal de Apelaciones.

Por todo lo anterior, disiento.


                                    Maite D. Oronoz Rodríguez
                                         Jueza Presidenta