Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| JANET VÁZQUEZ VELÁZQUEZ<br><br>RECURRENTE<br><br>V.<br><br>AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN<br><br>RECURRIDA | TA2025RA00098 | *Revisión Judicial* procedente de la Junta de Apelaciones Autoridad de Carretera y Transportación<br><br>Caso Núm. 2014 ACT 001<br><br>Sobre: Incentivo y Licencia de Enfermedad para cómputo del Bono de Navidad |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

# SENTENCIA

En San Juan, Puerto Rico, a 23 de septiembre de 2025.

## I.

El 21 de julio de 2025, Janet Vázquez Velázquez (señora Vázquez Velázquez o parte recurrente) presentó digitalmente un *Recurso de revisión judicial* en el que se solicitó que revoquemos la *Minuta – Resolución* emitida el 14 de mayo de 2025 y notificada y archivada en autos el 16 de mayo de 2025 por la Junta de Apelaciones de la Autoridad de Carreteras y Transportación (Junta o parte recurrida), tras celebrada una vista sobre el estado de los procedimientos. [1] En el dictamen, la parte recurrida declaró No Ha Lugar la solicitud de la parte recurrente sobre la revisión del cómputo del bono de navidad que comprende los años 2008-2012. La Junta se declaró sin jurisdicción para atender la petición de revisión incoada por la señora Vázquez Velázquez para ese periodo.

---

[1] Entrada Núm. 1, Apéndice 2 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).

El 19 de agosto de 2025, la parte recurrida presentó su *Alegato en oposición a revisión judicial*.[2]

Con el beneficio de la comparecencia de las partes pormenorizamos los hechos procesales más relevantes para la atención del recurso.

## II.

El caso de marras tiene su génesis el 10 de enero de 2014 cuando la señora Vázquez Velázquez, empleada gerencial de carrera de la Autoridad de Carreteras y Transportación (ACT) con la clasificación de Ingeniero en entrenamiento Gerencial, incoó la *Apelación* 2014-ACT-001 ante la Junta.[3] En síntesis, la parte recurrente razonó que, en virtud de la Ley Núm. 34 de 1969,[4] el pago de los incentivos mensuales y el pago por exceso de la licencia por enfermedad deben ser incluidos en el cómputo salarial que define la cantidad a pagarse en el bono de navidad. La señora Vázquez Velázquez indicó que el 10 de diciembre de 2013 envió una comunicación a la Directora Ejecutiva Auxiliar de Recursos Humanos y Asuntos Laborales, en donde cuestionó el cálculo que se aplicó para el bono otorgado el 6 de diciembre de 2013.[5] Indicó que no recibió respuesta a la misiva. El 23 de diciembre de 2013, dirigió un escrito al Director Ejecutivo de la Autoridad de Carreteras y Transportación para solicitar reconsideración a su pedido.[6] Indicó que tampoco recibió respuesta. En ambas comunicaciones, expresó que desde 2008 ha notado la exclusión de esas partidas en el cálculo del bono de navidad, y que, desde entonces, ha solicitado reconsideración todos los años por escrito sobre este asunto.

---

[2] Entrada Núm. 2, SUMAC-TA. El 19 de agosto de 2025 emitimos una *Resolución* en la cual concedimos a la parte recurrida hasta el 15 de septiembre de 2025 para presentar su alegato en oposición (Entrada Núm. 5, SUMAC-TA). La *Resolución* fue notificada el 22 de agosto de 2025, por lo que la misma se tornó inoficiosa al haber comparecido la parte.

[3] Entrada Núm. 1, SUMAC-TA. Apéndice de la *Apelación*, Anejo XI, págs. 50-51.

[4] Ley del Bono de Navidad para Funcionarios o Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, Ley Núm. 34 de 1969, 3 LPRA 757, *et seq.*

[5] Entrada Núm. 1, SUMAC-TA. Apéndice de la *Apelación*, Anejo XI, pág. 53.

[6] Íd., Anejo XI, pág. 52.

Oportunamente, la parte recurrida presentó su *Moción en contestación a la apelación y solicitud de desestimación.*[7] Reiteró que el pago del bono de navidad se realizó conforme a la Ley Núm. 34 de 1969. Distinguió los términos <u>sueldo</u> y <u>salarios</u>, expresados en la redacción del Art. 2 de la precitada Ley. Concluyó que el sueldo es el que establece la clasificación del puesto, la cual excluye bonos, beneficios marginales o cualquier otro incentivo. Por lo cual, estimó como incorrecta la interpretación de la parte recurrente.

El 18 de noviembre de 2015, la parte recurrente presentó su *Moción en oposición a solicitud de desestimación.*[8] Citó la Ley de Salario Mínimo de Puerto Rico, 29 LPRA sec. 250b para definir lo siguiente: "Salario incluye sueldo, jornal, paga, y cualquier otra forma de retribución pecuniaria.". Por tal razón, solicitó que se declarara con lugar la apelación y sin lugar la desestimación.

El 6 de junio de 2017, la Autoridad de Carreteras y Transportación de Puerto Rico (ACT), presentó un *Aviso de paralización de los procedimientos* en referencia al caso de epígrafe.[9] En su escrito, la ACT solicitó a la Junta de Apelaciones que tomara conocimiento de la paralización de los procesos, en virtud de la petición de quiebra presentada bajo el título III de la Ley PROMESA.

El 5 de junio de 2017, la Junta de Apelaciones, mediante *Resolución Final,*[10] ordenó el cierre y archivo del caso, con perjuicio. Dictaminó que la reclamación se hallaba carente de trámite desde el 10 de noviembre de 2015. También, el foro adjudicativo basó su determinación en el incumplimiento de la parte recurrente con una *Resolución y Orden* emitida el 16 de mayo de 2017 que dictaminaba mostrar causa por la cual no debía proceder la desestimación.

---

[7] Íd., Anejo X, págs. 46-49.
[8] Íd., Anejo IX, págs. 41-45.
[9] Entrada Núm. 2, SUMAC-TA. Apéndice II de la parte recurrida, págs. 7-9. La moción muestra sello del 6 de junio de 2017.
[10] Entrada Núm. 1, SUMAC-TA. Apéndice de la *Apelación,* Anejo VIII, págs. 38-40. Notificada y archivada en autos el 6 de junio de 2017.

El 21 de junio de 2017, la parte recurrente presentó su *Moción en solicitud de reconsideración a resolución final y falta de jurisdicción por paralización*.[11] Planteó que el foro administrativo carece de jurisdicción para atender el asunto debido a la paralización automática que surge del proceso de quiebras regido al amparo del Título III de la Ley PROMESA.[12] Por otro lado, insistió en que la parte recurrente debe tener su día en corte y solicitó la continuación de los procedimientos.

El 6 de noviembre de 2018, la parte recurrida emitió y notificó su *Resolución y Orden*.[13] Declaró Ha Lugar la Reconsideración y señaló vista sobre el estado de los procedimientos para el 30 de enero de 2019, la cual fue reseñalada.

El 12 de febrero de 2019, se celebró la vista sobre el estado de los procedimientos. El foro adjudicativo estimó que quedaba por resolverse la *Moción de desestimación* presentada por la parte recurrida en el año 2015. Por tal razón, decidió atender dicha moción para emitir su determinación sobre la misma.[14]

El 19 de abril de 2021, la Junta de Apelaciones emitió una *Resolución y Orden*.[15] Declaró No Ha Lugar la desestimación, señaló la fecha del 14 de junio de 2021 para la Conferencia con Antelación a la vista en su fondo y ordenó a las partes presentar el Informe previo a su celebración.

El 26 de enero de 2022, se celebró una vista sobre el estado de los procedimientos. En su *Minuta*,[16] y en lo pertinente a esta controversia, la Junta determinó lo siguiente:

---

[11] Íd., Anejo VII, págs. 30-37.

[12] La parte recurrente hizo mención del caso *In re: Puerto Rico Highways and Transportation Authority, case no. 17-cv-01686 (LTS)*.

[13] Entrada Núm. 1, SUMAC-TA. Apéndice de la *Apelación*, Anejo VI, págs. 28-29.

[14] Íd., Anejo V, págs. 24-27. *Minuta* notificada y archivada en autos el 22 de febrero de 2019.

[15] Íd., Anejo IV, págs. 19-23. Notificada y archivada en autos el 20 de abril de 2021.

[16] Entrada Núm. 2, SUMAC-TA. Apéndice I del *Alegato en Oposición a Revisión Judicial*, págs. 1-6. *Minuta* de la vista del 26 de enero de 2022.

[...]

29. Entonces, para que conste en el récord, la Jueza Administrativa determina, que en el Caso Núm. 2014-ACT-001, que es Janet Vázquez Velázquez v. ACT, donde la Sra. Vázquez Velázquez es la única apelante en este caso, las partes también dentro del acuerdo del caso de epígrafe, 2008-ACT-004, se está tomando en consideración este caso de 2014. Por lo tanto, aplica el mismo término y la misma orden para ambos casos.

Además, dispuso lo siguiente:

1. La Jueza Administrativa determina dejar el caso fuera de calendario porque, para recapitular, si no se somete una estipulación transaccional en el periodo de 30 días, vencido ya ese término, las partes tienen 15 días para entonces presentar la moción en conjunto y de ahí, entonces, esta Junta va a emitir su Resolución Final.

Posteriormente, el 14 de mayo de 2025, la Junta de Apelaciones, emitió una *Minuta-Resolución*.[17] Declaró No Ha Lugar la solicitud de la parte recurrente. En síntesis, el foro administrativo señaló la fecha del 26 de enero de 2022 como la última vez que se celebró una vista sobre la controversia y que había emitido órdenes para los casos 2008-ACT-004 y 2014-ACT-001 relacionados con las partes.[18] En efecto, las partes estipularon que ambos casos se estaban trabajando paralelamente.[19] No obstante, la jueza administrativa expresó que las alegaciones discutidas en la vista del año 2022 corresponden a alegaciones sobre el pago del bono del año 2013.[20] Por esta razón, la adjudicadora reiteró que el caso ante su consideración en esa vista corresponde al caso con identificador alfanumérico 2014-ACT-001, sobre el bono de 2013.[21] Posteriormente, la jueza administrativa instruyó a la representación legal de la parte recurrente a presentar una reconsideración por lo relacionado al reclamo del periodo de los años 2009-2012.[22]

---

[17] Entrada Núm. 1, SUMAC-TA. Apéndice de la *Apelación*, Anejo II, págs. 3-10. Notificada y archivada en autos el 16 de mayo de 2025.
[18] Entrada Núm. 2, SUMAC-TA. Apéndice I del *Alegato en Oposición a Revisión Judicial*, págs. 1-6. *Minuta* de la vista del 26 de enero de 2022.
[19] Entrada Núm. 1, SUMAC-TA. Apéndice de la *Apelación*, Anejo II, pág. 4. Determinación número 8.
[20] Íd., pág. 5. Determinación número 9.
[21] Íd., pág. 5. Determinación número 11.
[22] Íd., pág. 8. Determinación número 26.

Dictaminó que, en el caso ante su consideración, atendería el reclamo correspondiente al año 2013.

El 5 de junio de 2025, la parte recurrida presentó su *Solicitud de reconsideración a minuta – Resolución de 16 de mayo de 2025.*[23] Se amparó en las comunicaciones enviadas al Director Ejecutivo y Directora Auxiliar de la ACT en 2013 y presentados como anejos en la *Apelación* incoada en el año 2014.  En síntesis, indicó que el término prescriptivo aplicable a su reclamación era el de tres (3) años, según establecido en el derogado Artículo 1867 del Código Civil de Puerto Rico de 1930, 31 LPRA ante sec. 5297.[24] Disputó la determinación emitida por la Junta de Apelaciones por no contener determinaciones de hecho, conclusiones de derecho ni advertencias legales, según dispone la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA 9601 *et seq.*, sobre una orden o resolución final. Además, insistió a la Junta a que tomara conocimiento de la *Sentencia* emitida por un panel hermano de este Tribunal de Apelaciones el 24 de julio de 2020 en el caso Janet Vázquez Velázquez y otros v. ACT (KLRA201900509), determinación sobre el caso con indicador alfanumérico 2008 ACT 004 y en donde la recurrente figura como parte.[25]

El 23 de junio de 2025, la Junta de Apelaciones, mediante *Resolución y Orden*, declaró Con Lugar la Reconsideración y señaló una vista argumentativa para el 27 de agosto de 2025.[26]

Previo a la fecha señalada para la vista, el 21 de julio de 2025, la señora Vázquez Velázquez presentó el *Recurso de revisión judicial*

---

[23] Íd., Anejo III, págs. 11-18.

[24] El Código Civil de 1930, según enmendado, fue derogado por la Ley Núm. 55-2020. Sin embargo, la parte recurrente hace referencia al primer código debido a que al momento de los hechos el nuevo ordenamiento civil no se encontraba vigente. La parte recurrente citó el caso **Rivera v. Depto. De Servicios Sociales**, 132 DPR 240, 245 (1992).

[25] Entrada Núm. 1, SUMAC-TA. Apéndice de la *Apelación*, Anejo III, pág. 15, nota al calce núm. 6.

[26] Íd., Anejo I, págs. 1-2. Notificada y archivada en autos el 23 de junio de 2025.

de epígrafe en el que le imputa a la Junta de Apelaciones la comisión de los siguientes errores:

> **PRIMER ERROR: ERRÓ** LA JUNTA DE APELACIONES PARA EMPLEADOS GERENCIALES DE LA AUTORIDAD DE CARRETERAS AL ACOGER LA RECONSIDERACIÓN DE SU MINUTA-RESOLUCIÓN DE 16 DE MAYO DE 2025 FUERA DEL TÉRMINO PARA ELLO, ENTIÉNDASE, SIN JURISDICCIÓN, LO CUAL CONSTITUYE UN FRACASO A LA JUSTICIA[.]

> **SEGUNDO ERROR:** ERRÓ LA JUNTA DE APELACIONES PARA EMPLEADOS GERENCIALES DE LA AUTORIDAD DE CARRETERAS AL EMITIR MINUTA-RESOLUCIÓN DE 16 DE MAYO DE 2025 Y DESESTIMAR LAS RECLAMACIONES DE BONO DE NAVIDAD (SALARIOS) CORRESPONDIENTES A LOS AÑOS 2008 AL 2012 SIN LAS ADVERTENCIAS QUE ESTABLECE LA SECCIÓN 3.15 DE LA LEY DE PROCEDI[IE]NTO ADMINISTRATIVO UNIFORME[.]

> **TERCER ERROR:** ERRÓ LA JUNTA DE APELACIONES PARA EMPLEADOS GERENCIALES DE LA AUTORIDAD DE CARRETERAS AL ARCHIVAR CON PERJUICIO LAS RECLAMACIONES CORRESPONDIENTES A LOS AÑOS 2008 A 2012 EN VIOLACIÓN AL DEBIDO PROCESO DE LEY Y EN VIOLACIÓN AL PLAZO TRIENAL RECONOCIDO A LOS EMPLEADOS PÚBLICO PARA RECLAMAR SALARIOS[.]

(Mayúsculas y negrillas en el original)

El 19 de agosto de 2025, la parte recurrida radicó su *Alegato en oposición a revisión judicial.*[27] En el mismo alegó que carecemos de jurisdicción para intervenir en el caso, toda vez que se trata de una determinación interlocutoria en el proceso administrativo.

En adelante, pormenorizamos el derecho aplicable a la controversia presentada ante nos.

**III.**

**A.**

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". ***Shell v. Srio. Hacienda,*** 187 DPR 109, 122 (2012). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen siempre la obligación de ser celosos guardianes de su propia

---

[27] Entrada Núm. 2, SUMAC-TA.

jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. Íd., págs. 122-123. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. ***Fuentes Bonilla v. ELA et al.,*** 200 DPR 364, 372 (2018). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. ***Mun. de San Sebastián v. QMC Telecom,*** 190 DPR 652, 660 (2014).

De ordinario, la falta de jurisdicción posee las siguientes características: (1) no es susceptible de ser subsanada; (2) las partes no pueden conferírsela voluntariamente al tribunal, ni este puede arrogársela; (3) conlleva la nulidad de cualquier dictamen emitido; (4) impone a los tribunales el deber obligatorio de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro inferior; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de partes o por el propio tribunal. ***González v. Mayagüez Resort & Casino,*** 176 DPR 848, 855 (2009).

A tenor con lo anterior, la Regla 83(c) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 109-110, 215 DPR __ (2025), nos autoriza a desestimar un recurso por falta de jurisdicción.

Entre las razones que privan a los tribunales de asumir jurisdicción sobre un asunto, resalta entre ellas por su pertinencia: la falta de madurez. Un recurso es prematuro cuando se presenta antes de que el tribunal tenga jurisdicción para atenderlo. ***Pueblo v. Ríos Nieves,*** 209 DPR 264, 274 (2022); ***Torres Martínez v. Torres Ghigliotty,*** 175 DPR 83, 97 (2008). Es decir, es prematuro cuando se radica previo a que haya nacido autoridad judicial para

considerar el asunto y, por ello, su presentación carece de eficacia. ***Torres Martínez v. Torres Ghigliotty,*** supra, pág. 98.

También, es menester señalar que un recurso tardío "[...]priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro". ***Yumac Home v. Empresas Massó***, 194 DPR 96, 107 (2015).

**B.**

Como norma general, el recurso de revisión judicial se circunscribe a determinaciones finales de las agencias administrativas. Así lo prescribe la Ley de la Judicatura del Estado Libre Asociado del 2003, Ley Núm. 201 de 22 de agosto de 2003, según enmendada, 4 LPRA secs. 24 *et seq,* al establecer en su Art. 4.006(c) que esta Curia revisará las decisiones, órdenes y resoluciones finales de los organismos o agencias administrativas. 4 LPRA sec. 24y. Así también lo reconoce la LPAU, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38 de 30 de junio de 2017, según enmendada, (LPAU), 3 LPRA secs. 9601 *et seq.*, en su sección 4.2 al disponer que la revisión judicial se limitará a las órdenes o resoluciones finales de los organismos administrativos, siempre que la parte afectada haya agotado todos los remedios provistos por la agencia concernida. 3 LPRA sec. 9671.

La Sección 4.2 de la LPAU, ante, establece que la parte adversamente afectada por una determinación administrativa, una vez haya agotado todos los remedios provistos por la agencia o el organismo administrativo apelativo correspondiente, podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones.[28] La revisión judicial será el recurso exclusivo para revisar en los méritos una decisión administrativa, sea de naturaleza

---

[28] 3 LPRA sec. 9672.

adjudicativa o informal. Íd. El término para presentarlo será de treinta (30) días contados a partir del archivo en autos de copia de la notificación de la orden o resolución final de la agencia. Íd. En caso de que la parte haya presentado una oportuna solicitud de reconsideración,[29] el término para someter un recurso de revisión judicial comenzará a transcurrir a partir de la fecha aplicable, según se dispone en la Sec. 3.15 de la LPAU. En concreto, dicha sección establece que:

> [...] La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tornar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.
> Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.[30]

También, según definido en la LPAU, las órdenes o resoluciones finales deberán "incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso."[31] Análogamente, el Tribunal Supremo expresó en

---

[29] La Sección 3.15 de la LPAU, *supra*, dispone que "[l]a parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden", 3 LPRA sec. 9655.

[30] 3 LPRA sec. 9655.

[31] 3 LPRA sec. 9654.

***Comisionado Seguros v. Universal***, 167 DPR 21, 29 (2006) que "una orden o resolución final tiene las características de una sentencia en un procedimiento judicial, porque resuelve finalmente la cuestión litigiosa y permite su apelación o solicitarse su revisión".

Ahora bien, la sección 4.3 de la LPAU, *supra* sec. 9673, reconoce varias instancias que permiten preterir la doctrina de agotamiento de remedios, a saber: (1) cuando el remedio sea inadecuado; (2) cuando requerir el agotamiento del remedio resultaría en un daño irreparable a la parte y en el balance de intereses no se justifique agotar el remedio; (3) cuando se alegue la violación sustancial de derechos constitucionales; (4) cuando sea inútil agotar los remedios por la dilación excesiva en los procedimientos; (5) cuando se presente un caso claro de falta de jurisdicción de la agencia; o (6) cuando se trate de un asunto estrictamente de derecho y la pericia administrativa sea innecesaria. La inclusión en la LPAU, *supra,* de estas causas para prescindir del requisito de agotar remedios reflejó directamente la jurisprudencia que reconocía cuándo podía atenderse un caso, aunque quedaran remedios administrativos disponibles. Véase ***J. Exam. Tec. Méd. v. Elías et al.,*** 144 DPR 483, 491-492 (1997); ***Vélez Ramírez v. Romero Barceló,*** 112 DPR 716, 723 (1982).

**IV.**

Tras un análisis objetivo, sereno y cuidadoso de los argumentos de las partes y de la totalidad del expediente, a la luz de la normativa jurídica atinente, resolvemos.

En el presente caso, la parte recurrente solicita la revisión judicial de una determinación interlocutoria (*Minuta-Resolución)*, emitida por la Junta de Apelaciones para empleados gerenciales de la Autoridad de Carreteras el 14 de mayo de 2025, y notificada el 16 de mayo de 2025 en el caso 2014-ACT-001.

En su primer señalamiento de error, la señora Vázquez Velázquez alegó que el ente administrativo erró al acoger la moción de reconsideración y señalar vista argumentativa fuera de término. Así también lo reconoció la agencia recurrida.

Según la norma jurídica expuesta, la parte adversamente afectada por una determinación parcial o final de una agencia podrá presentar una moción de reconsideración dentro del término de veinte (20) días desde el archivo en autos de la notificación de dicha determinación. La agencia debe considerar, rechazar de plano o no actuar sobre una moción de reconsideración dentro del término de quince (15) días, luego de presentada oportunamente por la parte afectada por una resolución u orden parcial o final.

En el caso de autos, la determinación sobre el caso 2014-ACT-001 fue archivada en autos y notificada el 16 de mayo de 2025 y la señora Vázquez Velázquez presentó su moción de reconsideración el 5 de junio de 2025. La agencia declaró Con Lugar la Reconsideración y señaló una vista argumentativa pasados los quince (15) días de la presentación del escrito de la parte recurrente. Esta acción tardía privó de jurisdicción a la agencia para actuar sobre el asunto y, por ende, impide nuestra intervención como foro revisor. Por lo tanto, incurrió en el error señalado por la señora Vázquez Velázquez.

Debido a la estrecha relación entre el segundo y el tercer error, procederemos a discutirlos en conjunto.

La parte recurrente arguyó que erró el foro administrativo al desestimar las reclamaciones al bono de navidad correspondientes a los años 2008-2012 sin las advertencias que establece la sección 3.15 de la LPAU.

La determinación recurrida dictó lo siguiente:

1. Se determina No ha Lugar la solicitud de la parte Apelante de que se deben realizar los cómputos desde el año 2008 hasta el año 2013. En el caso de epígrafe, se va a atender lo que es correspondiente al año 2013. **La reclamación del año 2008, ya está siendo atendid[a] bajo el Caso**

**Núm. 2008-ACT-004**. Esta Junta de Apelaciones no tiene jurisdicción para atender reclamaciones presentadas fuera de término, conforme a lo que establece la Sección 19.6 y Sección 19.7 del REGLAMENTO DE PERSONAL DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN, Reglamento Número 02-005 y el derecho aplicable. [Énfasis nuestro].

2. Se concede el término de treinta (30) días para que, en efecto, la parte Apelada pueda obtener la Certificación correspondiente al año 2013 de los cómputos de las cantidades que, alegadamente, se adeudan a la Sra. Janet Vázquez Velázquez.

3. Transcurrido el término de 30 días provisto en el párrafo anterior, se concede el término de 45 días a las partes para que sometan sus respectivos memorandos de derechos [sic], o si van a llegar a algún acuerdo transaccional, presentar moción conjunta.

Según el tracto procesal, las partes consideraron en algún momento la consolidación de las reclamaciones y manifestaron al foro administrativo que las reclamaciones se estaban atendiendo en conjunto. No obstante, la determinación recurrida señala que la reclamación 2008-ACT-004 continúa en proceso y la distingue separadamente. Así las cosas, concluimos que el caso 2008-ACT-004 aún se encuentra ante la consideración del órgano administrativo, por lo que determinamos no intervenir con el proceso adjudicativo de la Junta. Recordemos que el caso de epígrafe ante nuestra consideración es el 2014-ACT-001 y que la Orden indica claramente que existen trámites aún en curso. Al ser la determinación recurrida una interlocutoria en el trámite administrativo, que no ha concluido aún y que carece de finalidad, nos vemos imposibilitados de intervenir.

Concluimos pues, que al estar ante un dictamen interlocutorio sobre el caso 2014-ACT-001, y al no operar ninguna de las excepciones para preterir de la doctrina de agotamiento de remedios administrativos, esta determinación escapa de nuestra facultad de revisión. Una vez se emitan las determinaciones finales sobre los casos, cualquier parte involucrada podrá presentar la petición de revisión correspondiente ante esta Curia, de entenderlo necesario.

**V.**

Por los fundamentos que anteceden, desestimamos el recurso de revisión judicial por falta de jurisdicción, en esta etapa de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones